STONE SHIPP, BY HIS NEXT FRIEND, N. R. SHIPP, v. UNITED STAGE LINES, INC., AND SAFETY COACH LINES, INC.

(Filed 3 November, 1926.)

1. **Negligence—Automobiles—Collisions—Instructions—Evidence— Questions for Jury—Appeal and Error.**

   Where there is allegation and evidence tending to show that the plaintiff was injured by the negligence of the defendant's driver of its auto-passenger bus upon a public highway, negligently driving at a high speed upon an auto-bus of another line, causing the driver of the other bus to back his bus off the road and strike the plaintiff, and thus cause the injury in suit, it is reversible error to the plaintiff's prejudice for the trial judge, in his instructions to the jury, to make the question of negligence of the first line to depend solely upon whether there was an actual collision of the busses.

2. **Election of Remedies—Trials—Appeal and Error—Burden of Proof— Record.**

   While the plaintiff in an action to recover damages for a negligent personal injury may not elect upon the trial to hold only one of the two defendants liable, and upon appeal seek to hold the other liable also, the record on appeal must show that he had chosen to try the case in the Superior Court upon the theory that only the negligence of one of the defendants caused the injury in suit.

3. **Appeal and Error—Instructions—Record—Statement of Facts by the Judge.**

   An instruction of the court based upon the judge's statement of fact not supported by the evidence appearing of record, and not conceded by the party adversely concerned, will not effect an error of law committed in the instructions to the jury, according to the record evidence in the case sent up.

4. **Negligence—Personal Injuries—Infants—Measure of Damages—Parent and Child—Earnings of Child—Appeal and Error—Instructions.**

   While one entitled to damages negligently caused by the act of another may recover the present cash value of such sum as will compensate him past, present and prospective, this rule must be limited, when the plaintiff so receiving the injuries is an unemancipated infant, supported by his father, his next friend in the action, to such compensation as will continue after he has reached his majority, the father being entitled to

the infant's earnings, etc., before that time, and an instruction that fails to observe this limitation as to the amount of recovery is reversible error.

BROGDEN, J., having been of counsel, took no part in the consideration of decision of this appeal.

APPEAL by plaintiff and the defendant, United Stage Lines, Inc., from *Schenck, J.,* at June Special Term, 1926, of DURHAM.

Civil action to recover damages for an alleged negligent injury, tried upon the following issues:

"1. Was the plaintiff, Stone Shipp, injured by the negligence of the defendant, United Stage Lines, Inc., as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff, Stone Shipp, injured by the defendant, Safety Coach Lines, Inc., as alleged in the complaint? Answer: No.

"3. Did the plaintiff, Stone Shipp, by his own negligence, contribute to his own injury, as alleged in the answer? Answer: No.

"4. What damages, if any, is the plaintiff, Stone Shipp, entitled to recover of the defendants? Answer: $22,000.00."

From a judgment on the verdict in favor of plaintiff against the defendant, United Stage Lines, Inc., and exculpating the defendant, Safety Coach Lines, Inc., from liability, the plaintiff and the United Stage Lines, Inc., appeal, assigning errors.

*Brawley & Gantt for plaintiff.*

*Biggs & Broughton for defendant, United Stage Lines, Inc.*

*Brooks, Parker & Smith and Fuller, Reade & Fuller for defendant, Safety Coach Lines, Inc.*

### PLAINTIFF'S APPEAL

STACY, C. J. The plaintiff appeals only from the verdict on the second issue and that part of the judgment which exculpates the defendant, Safety Coach Lines, Inc., from liability.

It appears that on 24 November, 1924, about 5 o'clock in the afternoon, the plaintiff, a boy 14 years of age, was standing on the side of the Raleigh-Durham highway, in front of his father's home near Nelson, when he was injured by a bus of the United Stage Lines, Inc., as it backed off the highway in order to avoid a collision with a bus owned and operated by the Safety Coach Lines, Inc., or was hit and knocked off the highway by the said last named bus. The drivers of both busses were charged with negligence which contributed to and proximately produced plaintiff's injuries. The allegation of the com-

plaint, as amended, in this respect is to the effect "that the driver of the bus of the Safety Coach Lines, Inc., negligently, recklessly, and with wanton disregard for the rights of the public, and the plaintiff, continued to bear down upon said bus owned and operated by the United Stage Lines, Inc., at a terrific and reckless rate of speed, and struck the bus operated by the United Stage Lines, Inc., somewhere on the right side of said bus and near the front of same, whereupon the driver of the bus of the defendant, United Stage Lines, Inc., suddenly and simultaneously and at or about the moment the bus driven by him was struck by the bus of the Safety Coach Lines, Inc., without any warning, recklessly and wantonly shot said bus back across the road in the direction of the plaintiff," striking him and injuring him, etc.

Under this allegation—the evidence being both ways as to whether the two busses actually collided—the trial court instructed the jury, "as a matter of law, that if they failed to find by the greater weight of the evidence that the Safety Coach bus did hit the bus of the United Stage Lines, Inc., they would answer the second issue 'No.'" This instruction is assigned as error and forms the basis of one of plaintiff's exceptions. We think the exception is well taken.

True, it is alleged that the two busses actually collided. But it is also alleged, giving a liberal interpretation to the complaint, that the bus of the Safety Coach Lines, Inc., "continued to bear down upon the said bus owned and operated by the United Stage Lines, Inc.," causing the driver of the latter bus suddenly to back off the road, thereby negligently injuring the plaintiff; and there is evidence tending to support as well as to refute this allegation. Its weight, of course, is a matter for the jury. "The plaintiff is entitled to recover any relief to which the facts alleged in the complaint and the proof entitle him to receive." *Clark, C. J.,* in *Henofer v. Realty Co.,* 178 N. C., 584. See, also, *McCulloch v. R. R.,* 146 N. C., 316; *Gilliam v. Ins. Co.,* 121 N. C., 372; C. S., 506.

Appellee, the Safety Coach Lines, Inc., says, however, that the plaintiff, by his deliberate allegation of a collision, thereby selected the ground upon which he was willing to wage battle; that he has had a fair chance of winning on his chosen field; that he thought it wise to risk his fortunes on a single strong position rather than take another also which might tend to weaken it; and that he ought not to be given another chance, after losing, to shift his ground to some other position, which he had not taken when he had a fair opportunity to do so. *Webb v. Rosemond,* 172 N. C., 848; *Allen v. R. R.,* 119 N. C., 710. This is undoubtedly a sound position, for it is well established that a party to a suit may not change his position with respect to a material matter

during the course of litigation. *Hill v. R. R.,* 178 N. C., 612; *Lindsey v. Mitchell,* 174 N. C., 458. Especially is this so where the change of front is sought to be made between the trial and appellate courts. *Ingram v. Power Co.,* 181 N. C., 359; *Coble v. Barringer,* 171 N. C., 445. A party is not permitted to try his case in the Superior Court on one theory and then ask the Supreme Court to hear it on another and different theory. *Warren v. Susman,* 168 N. C., 457.

But in answer to appellee's position, we think it is sufficient to say that the fact, if such it be, is not made to appear on the record, and we find nothing in the case which would seem to limit the plaintiff to the allegation of an actual collision. It is true, his Honor told the jury that the only allegation of negligence in the complaint was "that the bus of the Safety Coach Lines, Inc., negligently crashed into the bus of the United Stage Lines, Inc., and knocked it against the plaintiff," but this is not conceded by the plaintiff, and the instruction itself forms the basis of one of his exceptions on appeal.

The plaintiff is entitled to a new trial as against the defendant, Safety Coach Lines, Inc., and it is so ordered.

New trial.

### APPEAL OF DEFENDANT, UNITED STAGE LINES, INC.

STACY, C. J. Numerous exceptions are presented by the appeal of defendant, United Stage Lines, Inc., but we shall not consider them *seriatim,* as we find it necessary to award a new trial for error in the charge on the measure of damages.

As bearing on the issue of damages, the following instruction forms the basis of several exceptive assignments of error:

"In this class of cases, if the plaintiff is entitled to recover at all he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past, present and prospective in consequence of the defendants' negligent acts. These are understood to embrace indemnity for actual nursing or medical expense, and loss of time or loss from inability to perform labor or capacity to earn money. The plaintiff is to have a reasonable compensation, if he is entitled to recover at all, for the loss of both bodily and mental powers and for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. And it is for you, gentlemen of the jury, to say under all the circumstances what is a reasonable and fair sum which the defendants should pay to the plaintiff, by way of compensation, for the injury he has sustained. The age of the plaintiff, his occupation, the nature and extent of his ability to work, his earning capacity at the

time of the injury or whether he was employed or not or whether he was able to go to school or not, are all matters to be considered by the jury."

This charge is almost in the identical language of the Court's opinion in the case of *Ledford v. Lumber Co.*, 183 N. C., 614, with the exception that in the *Ledford* case the following was added: "The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective." And this was further amplified in *Murphy v. Lumber Co.*, 186 N. C., 746, where it was said: "Defendant's position in regard to limiting the damages, if any, which may accrue in the future to the present cash value or present worth of such damages is undoubtedly the correct one, for if the jury assess any prospective damages, the plaintiff is to be paid now, in advance, for future losses. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The verdict should be rendered on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective." See, also, *Fry v. R. R.*, 159 N. C., 362; *Penny v. R. R.*, 161 N. C., 528; *Johnson v. R. R.*, 163 N. C., 431.

But the present case is distinguishable from those cited above, in that the plaintiff is a minor, fourteen years of age, living with his parents. This suit is brought by his father as next friend. It seems to be the universal holding that an unemancipated infant cannot recover, as an element of damages in an action for personal injuries, for loss of time or diminished earning capacity during his minority. *Hayes v. R. R.*, 141 N. C., 195, 31 C. J., 1114; *Comer v. Lumber Co.*, 59 W. Va., 688, 8 Anno. Cas., 1105, and note. The father is entitled to the services and earnings of his minor child so long as the latter is legally in his custody or under his control and not emancipated. *Floyd v. R. R.*, 167 N. C., p. 59; *Williams v. R. R.*, 121 N. C., 512; 29 Cyc., 1623.

The charge is defective in that it fails to limit the plaintiff's recovery to the present worth of a fair and reasonable compensation for his mental and physical pain and suffering, if any, and for his permanent injuries, if any, resulting in the impairment of his power or ability to earn money after reaching his majority. *Murphy v. Ludowici Gas and Oil Co.*, 96 Kan., 321, 150 Pac., 581; *Cincinnati, etc., Ry. Co. v. Troxell*, 143 Ky., 765, 137 S. W., 543.

In the case from Kentucky, just cited, it was held that a minor railway employee, not manumitted, could recover only for his mental and physical pain and suffering, if any, and for the permanent impairment, if any, of his power to earn money after arriving at the age of twenty-one years, and not for loss of time during his minority.

In regard to the assignments of error directed to the refusal of the court to grant the defendant's motion for judgment as of nonsuit, made first at the close of plaintiff's evidence, and renewed at the close of all the evidence, we deem it sufficient to say that, in our opinion, the evidence was such as to require its submission to the jury. As a new trial must be awarded, we omit any discussion of the testimony.

New trial.

BROGDEN, J., having been of counsel, took no part in the consideration or decision of this case.