LENA MAE SHIELDS, by Her Next Friend, ROY SHIELDS, v. ROBERT CLEVELAND McKAY.

(Filed 3 November, 1954.)

**Infants § 11: Parent and Child § 8—Parent may waive right to recover for loss of services of child and permit the infant to recover all damages.**

Where action to recover for negligent injury to an infant is brought on behalf of the infant by her father as next friend, and the pleadings and theory of trial are based on the child's right to recover for loss of earning capacity and for medical expenses incurred before as well as after her majority, the father treats the child as emancipated so far as such elements of damage are concerned, and the father is thereafter estopped from claiming any such elements of damage in a separate suit. Therefore, in such action it is error for the court *ex mero motu* to limit the recovery to loss of earning capacity and medical expenses incurred after the infant's majority.

APPEAL by plaintiff from *Martin, S. J.,* at May-June Term, 1954, of RANDOLPH.

Civil action to recover damages for personal injuries sustained by plaintiff Lena Mae Shields in a collision on 30 May, 1953, 9:30 o'clock p.m., between defendant's automobile, in which she was riding, and an automobile parked off the highway,—allegedly the result of negligence of defendant.

Substantially in pertinent part these allegations are set out in the complaint of plaintiff:

1. That plaintiff Lena Mae Shields is "a minor under the age of 21 years"; and that on 18 September, 1953, "Roy Shields had been appointed by the Clerk of the Superior Court of Randolph County . . . to bring this suit against the defendant . . ." Moreover, the record shows that the appointment of him was upon his petition in which he asserts that he is "the father of said infant." And, upon the trial, Lena Mae Shields testified that she was "18" when she was hurt and that her father, her next friend, started this lawsuit on 17 September (the record shows that this was in 1953).

2. That as a result of negligence of defendant, in respects alleged, plaintiff suffered injuries in the manner and to the extent described, and was taken to a hospital for treatment, and there received hospital and medical care and attention from 30 May, 1953, to 2 June, 1953.

3. That after being discharged from the hospital she was forced to go home, and was unable to work for an extended period of time; that though she tried to go back to her old job, as a spinner in Robbins Mills, making $1.12 per hour, or approximately $50.00 per week, she was unable to work as a spinner; and that she has only completed the eighth grade in school, and is without education to follow any other activity.

(Upon the trial plaintiff testified in substantial accord with these allegations.)

4. That for treatment of the injuries received by her as alleged "the plaintiff has already incurred expenses amounting to $265.00 for doctor's bills, hospital bills, nurses and ambulance fees, medical traveling expenses, drugs, and other expenses, and . . . that she will have considerably more of these expenses before she has completely reached the maximum healing point in her physical condition." And "that by reason of the negligence of the defendant . . . the proximate cause of the injury suffered . . . plaintiff has been damaged . . . through disfigurement, loss of earnings, doctors, medical, hospital and medical traveling expenses and pain and suffering in the amount of $20,000" for which she prays judgment.

(And, upon the trial, plaintiff enumerated certain expenses incurred, and then testified that her father paid these, and that she hasn't paid any of these bills out of her own pocket.) Moreover, it is stated in the case on appeal that: "Plaintiff's next friend, Roy Shields, participated in the trial of the action during the entire course and plaintiff sued for damages as set out in the complaint. Plaintiff also sought damages for disfigurement during minority and majority. Evidence as to damages concerning medical bills paid by the father, loss of earnings during minority, dis-

figurement during minority were introduced with no objection on the part of the defendant.

"In the middle of argument by plaintiff's counsel to recover for damages, for medical expenses paid by the next friend father, Roy Shields, and for loss of earnings during minority, the court stopped the plaintiff's attorney from said argument and instructed the jury that no recovery could be had for these items." Plaintiff's Exception No. 7.

The case was submitted to the jury upon these issues which were answered as indicated.

"1. Was the plaintiff, Lena Mae Shields, injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. What amount, if any, is the plaintiff, Lena Mae Shields, entitled to recover of the defendant for personal injuries? Answer: $300.00."

And from judgment, in favor of plaintiff, in accordance with the verdict, plaintiff appeals to the Supreme Court and assigns error.

*Ottway Burton for plaintiff, appellant.*
*G. E. Miller and Adam W. Beck for defendant, appellee.*

WINBORNE, J. The assignments of error chiefly relied upon by plaintiff on her appeal are based upon exceptions to the ruling made by the trial court "in the middle of argument by plaintiff's counsel," and to the charge of the court that plaintiff, being a child under the age of twenty-one years, that is, a minor, is not entitled to recover for medical expenses, and for loss of time or diminished earning capacity during her minority. Ordinarily this ruling, and the charge would be proper. But in the light of the allegations of the complaint, and pertinent evidence offered by plaintiff upon the trial in Superior Court tested by decision in the case of *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534, this Court is constrained to hold that the ruling and the charge are erroneous.

In the *Pascal case, supra,* the defendant excepted to, and assigned as error the failure of the trial court to charge the jury that an unemancipated minor is not entitled to recover for loss of time or diminished earning capacity during minority. At the time the action was instituted plaintiff Renaldo Pascal was 20 years of age, and his father, J. H. Pascal, was duly appointed his next friend to prosecute the action. Plaintiff was earning $25.00 a week as a learner in a hosiery mill at the time he was injured. The Court, in opinion by *Denny, J.,* declining to sustain the assignment of error, had the following to say: "We concede the general rule to be under our decisions, that an unemancipated minor is not entitled to recover as an element of damages in an action for personal injuries, for loss of time and diminished earning capacity during minority, *Shipp v. Stage Lines, supra* (192 N.C. 475, 135 S.E. 339), but the father

of a minor may waive the right to recover for such loss and permit him to recover for his entire injury, including loss of wages and diminished earning capacity during minority. Although one who conducts a suit as the guardian or next friend of an infant is not a party of record, but the infant is the real party plaintiff, *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321, we see no reason why a parent who institutes an action as next friend in behalf of his minor child, and casts his pleadings and conducts the trial on the theory of the child's right to recover for loss of services and diminished earning capacity during minority as well as thereafter, should not be estopped from making a separate claim for such loss. This view is in accord with that expressed in 46 C.J., Sec. 115, p. 1301, and the authorities cited therein, where it is said: 'A parent may waive or be estopped to assert his right to recover for loss or services, etc., by reason of injury to his minor child, and permit the child to recover the full amount to which both would be entitled, as where the parent as next friend brings an action on behalf of the child for the entire injury, or permits the case to proceed on the theory of the child's right to recover for loss of services and earning capacity during minority. In such case the parent treats the child as emancipated in so far as recovery for such damage is concerned, and cannot thereafter be permitted to claim that he, and not the child, was entitled to recover therefor. There is no waiver, however, where the parent is not shown to be connected in any way with the child's action, or to have had notice thereof, beyond the fact that the child lived with him; nor does the parent waive his right of action by suing as next friend for the child's pain and suffering and permanent impairment of earning capacity after majority.'

"It is likewise said in 39 Am. Jur., Sec. 83, p. 728: 'Even where the parent has not emancipated the child prior to the injury, he may thereafter waive or relinquish in favor of the child his right to the latter's services, so as to permit the child to recover their value as part of his damages. In such a case, the child is entitled to recover the full amount to which both he and his parent would have been entitled if separate suits had been brought, and the parent is estopped from afterwards bringing any action in his own right.' It is further stated therein, that where a parent brings an action as next friend to recover for injuries to his child, and 'the parent claims damages for loss of time, diminished earning capacity, medical expenses, etc., he cannot make any claim for such items in a subsequent action brought in his own right, but rather, they are to be recovered by the child in the first action only.'

"Where a suit is brought on behalf of a minor, it is a simple matter to limit the recovery in the pleadings or by special prayer for instructions, to such loss of wages and diminished earning capacity as the minor may suffer after he attains his majority. But where the action is brought by

the father as next friend and no limitation on the minor's right to recover is pleaded and no request is made for such limitation during the trial of the case, and the charge of the court is sufficient to include the compensation for all injuries and damages sustained from and after the date of the injury, the father will be deemed to have waived his claims for loss of services and diminished earning capacity of the child during minority, in favor of such child. *Gaff v. Hubbard,* 217 Ky. 729, 290 S.W. 696, 50 A.L.R. 1382; *Carangelo v. Nutmeg Farm,* 115 Conn. 457, 162 A. 4, 82 A.L.R. 1320."

Applying these principles to case in hand, it is apparent that Roy Shields, the father of plaintiff, a minor, as her next friend, has cast his pleading, the complaint, and conducted the trial on the theory of the child's right to recover for loss of services and diminished earning capacity during her minority as well as after she attains her majority, and to recover for medical expenses, as detailed, incurred before she reaches her majority as well as afterwards. By so doing, the father treats the child as emancipated in so far as recovery for such elements of damage are concerned, and cannot claim that he, and not the child, is entitled to recover therefor; and, hence, she may recover the full amount to which both she and her father would have been entitled if separate suits had been brought.

It may be contended, however, that these principles do not apply since the trial judge limited plaintiff's right to recover for such loss of time and diminished earning capacity, and for medical expenses incurred after she attains her majority. Even so, it appears of record that the court acted *ex mero motu,* that is, of its own motion. And the answer is that this Court holds that a father may cast his pleading and conduct the trial on the theory of the child's right to recover for such loss of time and diminished earning capacity sustained, and for medical expenses incurred as a result of her injuries during her minority. And this is what Roy Shields the father, as next friend, has done, and thereby waived his right to recover therefor.

And, further, it may be contended that plaintiff testified that her father paid the expenses incurred. Indeed, it is alleged in the complaint that "the plaintiff has already incurred expenses . . . and that she will have considerably more of these expenses . . ."

For error in the respect indicated there must be a new trial in the light of this opinion and in accordance with applicable principles of law. Other assignments of error need not be considered as they may not then recur.

Let there be a

New trial.