HELEN GAYLE ELLINGTON, BY HER NEXT FRIEND, MYRTLE ELLINGTON, v. ORAN BRADFORD AND SANDERS MOTOR COMPANY.

(Filed 20 April, 1955.)

**1. Infants § 9c: Parent and Child § 8—**

Two causes of action arise when an unemancipated minor is injured through negligence, one in behalf of the parent for earnings of the child during its minority and expenses incurred for necessary medical treatment, the other in behalf of the child to recover damages for pain and suffering, for permanent injury, and for impairment of earning capacity after attaining majority.

**2. Same: Pleadings § 31—**

Where the complaint in a suit by an unemancipated minor to recover for negligent injury joins the separate and distinct actions for serious and permanent injuries, for which the infant may sue, with a cause of action to recover for medical expenses, recoverable solely by the parent, defendants' motion to strike the allegations relating to medical expenses should be allowed, since in the absence of waiver the two suits may not be joined, and defendants' objection at the first opportunity negates waiver of their right to require that the actions be separately brought.

**3. Parent and Child §§ 5, 8: Damages § 15: Infants §§ 5, 9c—**

The parent and not the unemancipated child is indebted for medical treatment of the child, although the child may be liable therefor if emancipated or as for necessities if the parent is financially unable to pay therefor, and therefore the provisions of G.S. 44-49 creating a lien upon recovery for negligent injury where the beneficiary is indebted for medical expenses incurred as a result of the injury does not authorize the minor in its suit by its next friend to recover for medical expenses.

**4. Statutes § 5a—**

　　Statutes in derogation of the common law must be strictly construed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Williams, J.,* February 1955 Civil Term, WAKE.

Civil action for the recovery of damages for personal injuries alleged to have been inflicted upon the plaintiff by the negligence of the defendants.

The complaint alleges that Helen Gayle Ellington is a minor of the age of five years; that the infant's mother, Myrtle Ellington, a widow, has been appointed next friend of the infant and as such has instituted this action. The complaint, in substance, further alleges that by reason of the actionable negligence of the defendant the plaintiff was run over by an automobile driven by the defendant Oran Bradford, agent and employee of the Sanders Motor Company, causing (1) serious and permanent injuries, and (2) large expenditures for hospital, doctors' and nurses' bills.

The defendants, before time to answer expired, moved to strike from the complaint certain designated portions thereof, including the allegations with respect to hospital, doctors' and nurses' bills. The court, after hearing, overruled, among others, the motion to strike from the complaint the allegations with respect to the medical expenses, and entered an order accordingly. The defendants excepted and appealed.

*Bunn & Bunn, by Thomas D. Bunn, for plaintiff, appellee.*

*Lassiter, Leager & Walker, by Wm. C. Lassiter, for defendants, appellants.*

HIGGINS, J. This appeal challenges the right of a minor child to recover medical bills as an element of damages in its action for personal injuries negligently inflicted. The mother instituted this action as next friend. The complaint alleges she is a widow but is silent as to whether the father died before or after the child received the injuries, in the treatment of which the bills were incurred.

In case of injury to an infant by wrongful act, a cause of action in behalf of the parent (the mother if the father is dead) arises, permitting recovery for (1) the loss of earnings of the child during its minority if unemancipated, and (2) expenses incurred for necessary medical treatment. *Smith v. Hewett* and *O'Brien v. Hewett,* 235 N.C. 615, 70 S.E. 2d 825; *Gillis v. Transit Company,* 193 N.C. 346, 137 S.E. 153; *Shipp v. Stage Lines,* 192 N.C. 475, 135 S.E. 339. Likewise, another cause of action arises on behalf of the child to recover damages for pain and

suffering, for permanent injury, and for impairment of earning capacity after attaining majority. *White v. Holding,* 217 N.C. 329, 7 S.E. 2d 825. The two causes of action are different. The parties are different. And to combine the two in one action would be a misjoinder. Neither a parent nor a stranger who acts as next friend in bringing a suit for an infant becomes thereby a party to the cause. *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321.

The cases of *Pascal v. Burke Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534, and *Shields v. McKay,* 241 N.C. 37, 84 S.E. 2d 286, are in harmony with the foregoing rules. In each of these cases it is held that a parent who as next friend brings and prosecutes an action for his infant child and claims as elements of damage the loss of earnings during minority and expenditures for the treatment of the injuries sustained, is deemed thereby to have waived his individual rights and is estopped to assert them. "In such a case the child is entitled to recover the full amount to which he and his parent would have been entitled if separate suits had been brought and the parent is estopped afterwards from bringing an action in his own right." *Shields v. McKay, supra.*

We have not overlooked the possible bearing of G.S. 44-49 on the question here presented. That section creates a lien upon any sums recovered as damages for personal injury in favor of any physician, dentist, trained nurse, or hospital for medical services rendered and for drugs or medical supplies furnished in the treatment of "the injury in compensation for which the said damages have been recovered." The section also provides, "Where damages are recovered for and in behalf of minors or persons *non compos mentis,* such liens shall attach to the sum recovered as fully and effectively as if the said person had been *sui juris.*"

Does the foregoing section change the common law rule and permit the recovery of expenses for medical treatment as a part of the minor's cause of action? We are of the opinion the section does not change the rule. The lien is created only in cases where the beneficiary *may be indebted* for the expenses incurred. In the case of an unemancipated minor, the parent and not the child is indebted for the medical treatment. Ordinarily, the liability is the liability of the parent and not the liability of the child. Of course, an emancipated minor, or one without parent, or one whose parent is financially unable to pay for the treatment, may be liable as for other necessities. The view that the rule is not changed is supported by the succeeding section, G.S. 44-50, which provides a like lien shall attach to funds paid in settlement for injuries whether in litigation or otherwise in cases where *evidence as to the amount of such charges would be competent in the trial of such action.*

6—242

We recognize the right of the parent to recover necessary expenses for medical treatment. Allegations with respect thereto are necessary in the parent's complaint, and evidence in support is competent. In a suit on behalf of the child in the absence of a waiver of the parent's right, such allegations are not proper in the complaint, and evidence with respect to such expenses is incompetent. In short, where the parent recovers either by judgment or by settlement for loss of earnings during minority of his unemancipated child, or for expenses incurred in its treatment for injuries inflicted by tortious act, the lien attaches to the fund recovered. In cases (1) where the parent waives his right, or (2) the child has no parent, or (3) the child is permitted to recover all elements of damage, the lien likewise attaches. The sections referred to provide rather extraordinary remedies in derogation of the common law, and, therefore, they must be strictly construed. *McKinney v. Deneen*, 231 N.C. 540, 58 S.E. 2d 107.

The decisions of this Court recognize the right of the defendant to require that the parent's cause of action and the infant's cause of action be separately brought, provided he makes objection to the joinder in apt time. Conceivably, the defendant might have a defense in an action brought by the parent which would not be available if the action is brought by the infant. In this case, by their motion to strike, the defendants objected to the joinder in the infant's cause of action the allegations with respect to medical expenses. The defendants, therefore, have done nothing to waive their right. They raised objection at the first opportunity. Paragraph Nine of the defendants' motion to strike should have been allowed. The court was correct in overruling the motion to strike other parts of the complaint. The ruling of the court below is

Modified and affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.