ARCHIE WHITE v. J. W. OSBORNE, CLERK OF THE SUPERIOR COURT OF CLEVELAND COUNTY.

(Filed 14 October, 1959.)

**1. Parent and Child § 3c—**

Where the father brings an action as next friend and recovers judgment for personal injuries sustained by the child, including damages to which the father would otherwise be entitled, the father waives his right to recover separately from the tort feasor.

**2. Same: Infants § 4: Parties § 3—**

Where a judgment for personal injuries in an action prosecuted by the father as next friend for his minor son is paid only in part, it is error for the court to order the clerk to pay the father out of the recovery the entire amount expended by the father for necessary medical treatment of the minor when the minor is not represented by a disinterested guardian *ad litem*, since the interests of the father and the minor in the fund are antagonistic.

HIGGINS, J., not sitting.

APPEAL by defendant from *Froneberger, J.,* July Term, 1959, of CLEVELAND.

Motion under G.S. 109-36 for judgment requiring J. W. Osborne, Clerk of the Superior Court of Cleveland County, to pay over to Archie White, the movant, the sum of $3,672.50, now held by said clerk "by virtue of and under color of his office."

In support of said motion, Archie White, therein referred to as "plaintiff," filed an affidavit styled "complaint," and said clerk filed an answer thereto in which he admitted Archie White's allegations but denied he was entitled to judgment in accordance with his prayer. The facts established by said allegations and admissions are summarized below.

In a civil action entitled "DAVID WALTON WHITE, by his Next Friend, Archie White, Plaintiff, -vs- VAN BUREN WALKER AND DAN MITCHEM CONSTRUCTION COMPANY, INC., Defendants," a judgment was signed and entered by Judge McLean at March Term, 1959, Cleveland Superior Court, which set forth that "both the plaintiff and the defendants" waived trial by jury, and that thereupon, after hearing "all testimony offered by the plaintiff and the defendants," the court made certain findings of fact and entered judgment thereon.

The findings of fact pertinent to this appeal may be summarized as follows:

David Walton White, then eight years of age, was struck and injured by a pickup truck operated by Van Buren Walker while engaged in the performance of his duties for Dan Mitchem Construction Company, Inc. David Walton White's injuries, on account of which he suffered damages in amount of $14,690.00, were proximately caused by the negligence of Van Buren Walker.

The injuries received by David Walton White "rendered him unconscious for a period of twenty-seven (27) days and required extensive medical care thereafter," and "were of a permanent nature . . ."

Archie White, the father of David Walton White, "was duly appointed and has acted as next friend for his said son in this action, and the necessary medical bills of the plaintiff have been considered as a part of the damage to the plaintiff."

". . . Archie White, father and next friend of David Walton White, has expended or incurred medical bills in the sum of three thousand six hundred seventy-two and 50/100 ($3,672.50) dollars as a result of the injuries sustained by the plaintiff and is entitled to be reimbursed said expenditures for the reason that no further action may be maintained for the recovery thereof."

Upon the foregoing and other findings of fact relating to counsel fees and costs, it was adjudged: (1) That *the plaintiff* have and recover from the defendants the sum of $14,690.00 and costs; (2) that the clerk pay to plaintiff's attorney "the total sum of three thousand five hundred ($3,500.00) dollars for his services in this cause from the monies received as payment upon the judgment, but not to exceed twenty-five (25%) per cent of the total amount collected upon the judgment"; (3) that the clerk thereafter pay to Archie White "the sum of three thousand six hundred seventy-two and 50/100 ($3,672.50) dollars when there has been received by said Clerk as payment upon the judgment an amount sufficient to make said payments"; and (4) that the clerk pay an expert witness fee of $50.00 to each of two doctors, "which amount shall be charged as a part of the costs in this action."

Judge McLean's judgment was entered March 31, 1959. On April 14, 1959, one of the judgment debtors, to wit, Van Buren Walker, paid or caused to be paid to the said clerk the sum of $5,000.00 which was duly credited on said judgment. The clerk paid $1,250.00 to plaintiff's attorney and the remaining $3,750.00 is now held by the clerk. Archie White demanded payment to him of $3,672.50. The clerk refused to make such payment.

No testimony was offered by Archie White or by the clerk when the matter came on for hearing before Judge Froneberger. Based upon the record, Judge Froneberger made findings of fact substantially as stated above, made conclusions of law favorable to Archie White, and thereupon "ORDERED, ADJUDGED AND DECREED that the plaintiff (Archie White) have and recover of the defendant the sum of $3,672.50, together with the costs of this action."

The clerk excepted and appealed.

*C. C. Horn and J. A. West for defendant, appellant.*
*No counsel contra.*

BOBBITT, J. These facts are noted: (1) Apparently, no question was raised or considered in the hearing before Judge Froneberger as to the priority, if any, in respect of costs, including expert witness fees. (2) Neither the pleadings nor the evidence upon which Judge McLean's judgment is based are in the record before us. Our information is derived solely from the judgment. (3) A brief was filed in this Court in behalf of the clerk, the appellant. No brief was filed in behalf of Archie White, the appellee. The cause was submitted without oral argument.

The clerk, citing *State v. Sawyer*, 223 N.C. 102, 25 S.E. 2d 443,

contends that the judgments, particularly the provisions purporting to give priority to Archie White, are invalid for lack of jurisdiction, and that compliance therewith would not protect him from liability to the infant plaintiff.

Only one action was instituted, to wit, an action prosecuted in behalf of the infant plaintiff by his father as next friend. In such action, nothing else appearing, the infant plaintiff was not entitled to recover for loss of earnings during his minority or for expenses incurred for necessary medical treatment; but the father, as plaintiff in a separate action, was entitled to recover therefor. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925, and cases cited.

Where a father, as next friend, in prosecuting an action for his infant child, seeks to recover therein the damages to which the father would otherwise be entitled, and no objection is interposed by the defendant, the father thereby waives his individual rights against the defendant. *Pascal v. Burke Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534; *Shields v. McKay,* 241 N.C. 37, 84 S.E. 2d 286; *Ellington v. Bradford, supra.*

Since the complaint in the infant's action is not in the record on appeal, we do not know whether recovery was sought therein for expenses incurred for necessary medical treatment. Be that as it may, it seems that the father, when the cause was heard by Judge McLean, waived his rights to recover separately from defendants. As between the father and the infant plaintiff, it would seem that the father sought to recover no more than for $3,672.50 "expended or incurred" by him for medical bills. The judgment of Judge McLean, when interpreted in the light most favorable to the father, would seem to be, in effect, a judgment for $3,672.50 in favor of the father and a judgment in favor of the infant plaintiff for the remainder ($11,017.50) of the total damages of $14,690.00.

It was contemplated that the judgment for $14,690.00 and costs would not or might not be collected in full. In this event, the judgment purported to give priority to the father's portion thereof. It is apparent that the pecuniary interests of the father and the pecuniary interests of the infant plaintiff were in sharp and irreconcilable conflict in relation to whether the father, individually, was entitled to such priority.

While the order appointing the father as next friend is not in the record on appeal, it is reasonable to assume that his appointment was made solely for the purpose of prosecuting the infant plaintiff's action. If so, it was not contemplated that conflicting interests as between the father and his infant son would develop in the infant plaintiff's action and that the father would represent his infant son in re-

solving such conflict. Under the circumstances, a question arises as to whether Judge McLean lacked jurisdiction in respect of such conflict on the ground that the infant plaintiff was not then represented with reference thereto. See *Johnston County v. Ellis*, 226 N.C. 268, 38 S. E. 2d 31.

In view of said conflicting interests, the failure of Archie White, as next friend of David Walton White, to appeal from the judgment of Judge McLean, may not be considered as binding on the infant plaintiff.

With reference to the $3,750.00 now held by the clerk, the real parties in interest are Archie White, individually, and David Walton White, the infant. The clerk is a stakeholder, ready, able and willing to disburse the $3,750.00 to whomsoever may be entitled thereto. Yet the infant had no representation whatever at the hearing before Judge Froneberger. The only parties to the present proceeding under G.S. 109-36 are Archie White, individually, and the clerk. Notwithstanding, it appears on the face of the record that the interests of the infant are vitally involved and that he is a necessary party to this proceeding. Unless and until the infant, represented by a disinterested guardian *ad litem* (for he would be a defendant in respect of Archie White's motion or "complaint" under G.S. 109-36), has had his day in court, the clerk would not be protected from liability to the infant.

Under the circumstances, it was error to proceed to judgment when it appeared that the interests of the infant, who was not a party to or represented in this proceeding, would be adversely affected thereby. Hence, the judgment of Judge Froneberger is stricken and the cause is remanded for further hearing. Prior thereto, David Walton White should be made a party defendant in the present proceeding. A disinterested guardian *ad litem* should be appointed to represent him and to file herein such answer to the motion or "complaint" of Archie White as may be appropriate to safeguard and protect the legal rights of said infant.

Error and remanded.

HIGGINS, J., not sitting.