JOHN G. KLEIBOR v. GEORGE H. ROGERS, TRADING AS ROGERS
HATCHERY.

(Filed 22 September, 1965.)

**1. Appeal and Error § 3—**

Where the parties and the lower courts treat the trial court's denial of
defendant's plea in bar on the ground of *res judicata* as an order sustain-
ing a demurrer to the plea, the Supreme Court may so treat the order, and
such ruling affects a substantial right and is appealable. G.S. 1-277.

**2. Infants § 4;　Parent and Child § 4—**

Negligent injury to an unemancipated child gives rise to a cause of action
on behalf of the child to recover damages for pain and suffering, perm-
anent injury and impairment of earning capacity after attaining majority;
and to a cause of action by the parent for loss of services and earnings of
the child during minority and expenses incurred for necessary medical
treatment for the child's injuries.

**3. Judgments § 29—**

Nothing else appearing, a judgment dismissing on the ground of con-
tributory negligence an action instituted in behalf of a minor child by his
mother as next friend to recover damages for negligent injury does not
bar a subsequent action instituted by the child's father to recover dam-
ages for loss of services and earnings of the child during minority and for
expenses incurred for medical treatment of his son's injuries, there being
no allegation that the father controlled or participated in the institution
or prosecution of the prior action.

**4. Judgments § 28—**

Ordinarily a plea of *res judicata* may be maintained only where there is
identity of parties, subject matter and issues.

APPEAL by defendant from *McLean, J.*, January 1965 Special Civil
Session of BUNCOMBE.

This action was instituted August 31, 1962, in the General County
Court of Buncombe County.

Plaintiff alleges John B. Kleibor, Jr., plaintiff's unemancipated nine-
year old son, sustained personal injuries November 12, 1960, when
struck by a truck owned by defendant and negligently operated by de-
fendant's agent. He seeks to recover damages of $10,000.00 for loss of
the services and earnings of his son during minority and for expenses
incurred for necessary medical treatment of his son's injuries.

Answering, defendant denied negligence and pleaded conditionally,
in bar of plaintiff's right to recover, the contributory negligence of
plaintiff's said son.

In addition, defendant pleaded, as a bar to plaintiff's action, the
following: On June 5, 1961, John B. Kleibor, Jr., by his mother and
next friend, Lillian Kleibor, plaintiff's wife, instituted an action against

this defendant in the General County Court of Buncombe County. The complaint in said prior action alleged the same facts as those alleged in the complaint herein. Upon trial of said prior action in said General County Court before the judge and a jury, the jury, by their verdict, found that the (minor) plaintiff in said prior action had "by his own negligence contributed to his injuries and plaintiff was not awarded damages in any amount." Judgment for the defendant in accordance with said verdict was entered in said court on December 6, 1961. Defendant herein "pleads said final judgment based on the merits as *res judicata* in bar of plaintiff's right to maintain this action and . . . by reason of said prior judgment plaintiff is estopped to prosecute this action."

The agreed case on appeal states: "The Court (General County Court) construed the contentions of the defendant as a plea in bar and after studying the pleadings concluded that said plea in bar should be overruled and denied. By Order signed August 18, 1964, the Court held that said 'Plea in Bar should be overruled and denied.' The defendant objected and excepted to the ruling of the Court and . . . filed written Notice of Appeal to the Superior Court . . ."

In the Superior Court, after hearing on defendant's said appeal, Judge McLean "ORDERED AND ADJUDGED that the Judgment of the General County Court overruling and denying the defendant's Plea in Bar be and the same is hereby affirmed." Defendant excepted and appealed, assigning as error "the signing of the Order overruling and denying defendant's Plea in Bar."

*Williams, Williams & Morris and James F. Blue, III, for plaintiff appellee.*

*Clarence N. Gilbert for defendant appellant.*

BOBBITT, J.   In this Court, during oral argument, it was stated that the judgment roll in the prior action was considered by the General County Court and by Judge McLean. The judgment, which sets forth the issues and the jury's answers thereto, is the only portion thereof appearing in the record on appeal. Our only information as to the pleadings in the prior action is derived from defendant's allegations herein.

It seems clear the hearings related solely to the sufficiency of defendant's pleading, treating as incorporated therein the judgment roll in the prior action. The argument in plaintiff's brief assumes the two actions are based on the injuries sustained by plaintiff's minor son on November 12, 1960, and that recovery therefor was denied in the minor

son's separate action because the jury found him guilty of contributory negligence.

Apparently, the case was considered by the court below *as if* plaintiff had demurred to the plea in bar based on alleged *res judicata* or had moved to strike defendant's allegations relating to the prior action. The courts below simply *overruled* and *denied* defendant's plea in bar. We construe these orders as holding in substance that defendant's allegations, if true, are insufficient to constitute *res judicata* and a bar to plaintiff's action. So construed, the orders in effect sustained a demurrer to defendant's said plea in bar. If so considered, defendant had the right of immediate appeal. An order or judgment which *sustains* a demurrer to a plea in bar affects a substantial right and a defendant may appeal therefrom. G.S. 1-277; *Shelby v. R.R.*, 147 N.C. 537, 61 S.E. 377; *Mercer v. Hilliard*, 249 N.C. 725, 728, 107 S.E. 2d 554; *Hardin v. Insurance Co.*, 261 N.C. 67, 134 S.E. 2d 142.

Where an unemancipated minor child is injured by the negligence of another, two causes of action arise:   (1)  An action on behalf of the child to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority; and   (2)  an action by the parent, ordinarily the father, for  (a)  loss of the services and earnings of the child during minority and  (b)  expenses incurred for necessary medical treatment for the child's injuries. *Shipp v. Stage Lines*, 192 N.C. 475, 479, 135 S.E. 339; *White v. Comrs. of Johnston*, 217 N.C. 329, 333, 7 S.E. 2d 825; *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925; 3 Lee, North Carolina Family Law § 241, p. 105, note 1.

With reference to the two causes of action now under consideration, the prior action in behalf of the minor and the present action by the father, the parties are different and the causes of action are different. *Ellington v. Bradford, supra.* An attempt to combine the two actions in one suit would constitute a misjoinder of parties and causes of action and such suit would be subject to dismissal if defendant demurred on that ground. *Thigpen v. Cotton Mills*, 151 N.C. 97, 65 S.E. 750; *Campbell v. Power Co.*, 166 N.C. 488, 82 S.E. 842; *Ellington v. Bradford, supra.*

Plaintiff has alleged facts sufficient to constitute a cause of action and which, nothing else appearing, entitle him to maintain this action. Defendant does not contend otherwise.

Unquestionably, the contributory negligence of his minor son, *if established in this action*, would constitute a bar to plaintiff's recovery herein. See Lee, op. cit. p. 118, note 53, for supporting authorities. Defendant alleged this action is barred by the contributory negligence of plaintiff's minor son. No question is presented as to this particular plea in bar. The sole question presented on this appeal is whether the

fact the contributory negligence issue was answered, "Yes," in the prior action, standing alone, constitutes a bar to this action.

In *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321, the defendants based their plea in bar to the father's action solely on the fact the jury, in the prior action on behalf of the plaintiff's two-year old child, had answered the negligence issue, "No." The father, plaintiff in the second action, was appointed and had acted as next friend in the prosecution of the prior action on behalf of his minor child. No additional facts with reference to the father's connection with the prior action were alleged. This Court, by a vote of four to three, held defendants' plea in bar should have been overruled.

While subsequent decisions of this Court have cited *Rabil v. Farris, supra,* with apparent approval, none has involved a like factual situation. It was distinguished factually by Denny, J. (now C.J.), in *Thompson v.. Lassiter,* 246 N.C. 34, 37, 97 S.E. 2d 492. For further comment on *Rabil v. Farris, supra,* see Lee, op. cit. § 241, p. 117; 36 N.C.L.R. 462.

It is noteworthy that, under our decisions, where a father prosecutes an action on behalf of his minor child and *seeks to recover therein* the damages which the father himself otherwise would be entitled to recover in his own separate action therefor, and no objection is interposed by the defendant, the father thereby waives his individual rights against the defendant. *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534; *Shields v. McKay,* 241 N.C. 37, 84 S.E. 2d 286; *White v. Osborne,* 251 N.C. 56, 59, 110 S.E. 2d 449; *Doss v. Sewell,* 257 N.C. 404, 409-410, 125 S. E. 2d 899. However, the prosecution of a minor son's personal injury action on his behalf by his mother as next friend is not a bar to the father's independent action for loss of the services and earnings of his son during minority and for expenses incurred for necessary medical treatment of his son's injuries. *Smith v. Hewett,* 235 N.C. 615, 70 S.E. 2d 825.

The present appeal does not require a reconsideration of our decision in *Rabil v. Farris, supra,* with reference to a factual situation such as that considered therein. Here, the prior action was instituted on behalf of the minor by his mother, Lillian Kleibor, as next friend. The present plaintiff was not in any capacity a party to that action.

Ordinarily, the plea of *res judicata* may be maintained only where there is an identity of parties, of subject matter and of issues. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125; *Thompson v. Lassiter, supra; Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574.

Moreover, defendant has alleged no facts sufficient to invoke the rule stated in Restatement of Judgments, § 84, quoted in *Light Co. v. In-*

*surance Co.*, 238 N.C. 679, 79 S.E. 2d 167, and in *Thompson v. Lassiter, supra*, to wit: "A person who is not a party but who controls an action, individually or in co-operation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound." Defendant does not allege that the father, the present plaintiff, participated in any manner in the institution or prosecution of the prior action.

Treating the orders of the courts below as in effect sustaining a demurrer to said plea in bar and as striking the allegations with reference thereto from defendant's pleading, the order of Judge McLean is affirmed. Defendant, if so advised, may move for leave to amend. G.S. 1-129; G.S. 1-163.

Affirmed.