MICHAEL ANDREW TOWNSEND, BY HIS GUARDIAN AD LITEM, GALE W. CARTER AND GALE W. CARTER v. NOAH AKERS FRYE

No. 7622SC309

(Filed 15 September 1976)

1. **Automobiles § 90— assumption that motorist will stop for traffic signal — instructions**

    In this action to recover for injuries received by a minor bicyclist when he was struck by defendant's car at an intersection controlled

Townsend v. Frye

by a traffic signal, the trial court erred in failing to instruct the jury on the right of a motorist, including a bicyclist, in the absence of anything which should give him notice to the contrary, to assume and to act on the assumption that other drivers will observe the rules of the road and stop in obedience to a traffic signal.

2. **Automobiles § 90; Negligence § 18— minor between 7 and 14— presumption of incapability of contributory negligence**

   In an action to recover for injuries sustained by a twelve-year-old bicyclist, the trial court erred in failing to instruct that a minor between the ages of seven and fourteen is presumed incapable of contributory negligence.

3. **Parent and Child § 5— parent's action for loss of services and medical expenses — contributory negligence of child**

   In a consolidated trial of a minor child's action for personal injuries and the mother's action for loss of services and medical expenses of the child, a finding of contributory negligence on the part of the child will bar the mother's action for loss of services and medical expenses.

APPEAL by plaintiffs from *Crissman, Judge.* Judgment entered 11 December 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 26 August 1976.

These are actions wherein the plaintiff, Michael Andrew Townsend, by his guardian ad litem Gale W. Carter, seeks to recover damages from defendant in the amount of $50,000 on account of injuries which he received when his bicycle collided with defendant's automobile and in which Michael's mother, plaintiff Gale W. Carter, seeks to recover $4500.00 for loss of services of her child and incidental expenses arising out of the collision. The child's father is dead.

Michael Townsend's testimony was, in substance, as follows:

He was riding his bicycle on the sidewalk on Cotton Grove Road headed in a southerly direction when he reached the intersection of Cotton Grove Road and Guilford Street, which is a "T" intersection, with Cotton Grove Road forming the top of the "T." As he was about to turn into the intersection and proceed across Cotton Grove Road, the traffic signal for vehicles travelling on Cotton Grove Road was emitting a red signal. Vehicles travelling in a southerly direction on Cotton Grove Road had stopped at the intersection. [The traffic light at this "T" intersection does not emit a signal for one entering the intersection from the side from which Michael entered.] He

then entered the intersection because he thought that he had the protection of a red light. His first specific observation of defendant's vehicle was when he was already in the intersection and heard the sound of the defendant's squalling tires. He was 12 years old at the time of the accident.

One of plaintiffs' witnesses, Darrell Varner, testified that he was travelling south on Cotton Grove Road. As he approached the intersection of Cotton Grove Road and Guilford Street, the light was in the caution position and he was coming to a stop when the accident occurred.

Mrs. Gale W. Carter testified that she had several conversations with the defendant about the accident and that he told her that his mind was "a thousand miles away" on that afternoon. She testified that he also said to her, "I looked up and saw the light was red and I could not get stopped; I turned the car so that front wheel would not get him." She further testified that her son told her a few days after the accident that the light was red for the vehicles travelling on Cotton Grove Road, and that this was the reason why he proceeded into the intersection.

Officer Jim Truell testified that the defendant told him that he was coming up Cotton Grove Road, saw the light changing and when he saw the bicycle he couldn't stop.

Officer Jerry Howell testified that there were 30 feet of skid marks leading from the front of defendant's car back to a point outside the intersection.

The defendant testified that he was driving his car in a northerly direction on Cotton Grove Road at a speed of approximately 20 miles per hour. As he reached the intersection of Cotton Grove Road and Guilford Street, the overhead light was "leaving green." As he got into the intersection the light was changing from green. He first saw the bicycle when he was already in the intersection. Upon seeing the bicycle in front of him, he applied his brakes and turned to his left in order to avoid hitting the bicycle head on. He denied telling Mrs. Carter that his mind was a thousand miles away on that date, that the light was red when he looked up, and that he just could not stop when he saw Michael on the bicycle in front of him.

The jury found that both defendant and Michael Townsend had been negligent. Judgment was entered dismissing both of the plaintiffs' actions. Plaintiffs appealed.

Townsend v. Frye

*Walser, Brinkley, Walser and McGirt, by G. Thompson Miller, for plaintiff appellants.*

*Henson & Donahue, by Perry C. Henson, Kenneth R. Keller and Richard I. Vanore, for defendant appellee.*

VAUGHN, Judge.

All of appellants' assignments of error are directed to the charge of the court.

[1] Plaintiffs assign as error the failure of the trial judge to instruct the jury with respect to a motorist's right, in the absence of anything which should give him notice to the contrary, to assume and to act on the assumption that other drivers will observe the rules of the road and stop in obedience to a traffic signal. We agree that this principle of law arose on the evidence in the case and that the court failed to give the appropriate instruction.

In *Lowe v. Futrell,* 271 N.C. 550, 157 S.E. 2d 92, it was held that "a bicycle is a vehicle and its rider is a driver within the meaning of the Motor Vehicle Law. G.S. 20-38(38)." G.S. 20-4.01(49). The North Carolina Supreme Court, in *Wrenn v. Waters,* 277 N.C. 337, 177 S.E. 2d 284, reaffirmed the rule that when instructing a jury as to the contributory negligence issue, the judge must instruct the jury that in the absence of anything which gives or should give notice to the contrary, a motorist has the right to assume and to act on the assumption that opposing drivers will observe the rules of the road and stop in obedience to a traffic signal and that failure to so charge is prejudicial error that requires a new trial.

This Court in *Houston v. Rivens,* 22 N.C. App. 423, 206 S.E. 2d 739, held that the specific language of *Wrenn v. Waters, supra,* need not be employed if the instruction given, when viewed as a contextual whole can be found to be tantamount to an instruction on the plaintiffs' right to assume that other motorists would comply with the rules of the road. In the case at bar, however, a review of the entire charge discloses that the judge failed to give an instruction equivalent to what was required. The judge did tell the jury that plaintiff "says and contends . . . that . . . he had the right to believe that the defendant would observe the traffic light. . . . " It is fundamental, however, that the judge must explain and apply the law to the

specific facts of the case. A statement of what the parties contend the law to be is insufficient.

[2]  Plaintiffs also assign as error the failure of the judge to instruct the jury that a child between the ages of 7 and 14 is presumed to be incapable of contributory negligence. In the case of *Hoots v. Beeson,* 272 N.C. 644, 159 S.E. 2d 16, the Supreme Court held that when contributory negligence is an issue and a minor between the ages of 7 and 14 is the plaintiff, the trial court must instruct the jury that there is a rebuttable presumption that an infant between the ages of 7 and 14 years is incapable of contributory negligence. The presumption runs in favor of the child and must be overcome by the defendant. This presumption may be overcome with evidence showing that " . . . the child did not use the care which a child of its *age, capacity, discretion, knowledge,* and *experience* would ordinarily have exercised under the same or similar circumstances." *Hoots v. Beeson, supra,* at 651. The presumption is a substantial feature of the case. In the case at bar the judge not only failed to state the presumption but failed to state the complete standard by which it could be rebutted.

[3]  The final assignment of error relates to the judge's instruction that if they found the minor plaintiff contributorily negligent, they should not consider the damage issue on the mother's claim for loss of service and medical expenses. The judge's decision being, of course, that the minor's contributory negligence would bar recovery by the mother. The action for the minor's injuries was brought by the mother as guardian ad litem. The mother's own action for loss of the child's service was consolidated for trial with the minor's action and the same counsel represented both plaintiffs. The mother, of course, participated in the consolidated trial.

The precise question thus presented does not appear to have been answered by the Supreme Court. In *Kleibor v. Rogers,* 265 N.C. 304, 144 S.E. 2d 27, the father brought suit to recover for loss of his son's services and for medical expenses. Defendant denied negligence and pleaded the son's contributory negligence. In an earlier action brought by the son through his mother as next friend, the jury had found contributory negligence on the part of the son. Judgment in accordance with the verdict had been entered. Defendant in *Kleibor* pleaded the prior

judgment as *res judicata*. On appeal the Supreme Court said: "The sole question presented on this appeal is whether the fact the contributory negligence issue was answered 'yes' in the prior action, standing alone, constitutes a bar to this action." *Kleibor v. Rogers, supra,* at 306, 307. The Court, noting the absence of identity of parties and the absence of an allegation that the father participated in the earlier action, held that the bare plea of the verdict did not bar the action. The Court went on to say, however, that:

> "Unquestionably, the contributory negligence of his minor son, *if established in this action,* would constitute a bar to plaintiff's recovery herein. See Lee, op. cit. p. 118, note 53, for supporting authorities." *Kleibor v. Rogers, supra,* at 306.

Notwithstanding what would seem to be the unequivocal language of the Supreme Court which we have just quoted, we must take note of language found in a later decision. In *Clary v. Board of Education,* 285 N.C. 188, 203 S.E. 2d 820, an action was instituted by a father as guardian ad litem for his minor son. The father also started an action for medical expenses incurred by him for his son's injuries. The son was injured while practicing basketball at a school operated by defendant. The cases were consolidated for trial. The trial court's dismissal of both actions, because of the son's contributory negligence, was affirmed by the Court of Appeals. *Clary v. Board of Education,* 19 N.C. App. 637, 199 S.E. 2d 738. After review by the Supreme Court, that Court affirmed but not for the reasons stated by the trial court or the Court of Appeals. The Supreme Court concluded that plaintiffs had not offered sufficient evidence to take their cases to the jury (on matters not material here).

It is the Court's comment on the question of the effect of the son's alleged contributory negligence on the father's action that is relevant to our decision here. The Court said:

> "In each action, the Superior Court granted the defendant's motion for a directed verdict on the ground that the child was guilty of contributory negligence. There was neither allegation nor evidence of contributory negligence by the father himself or that the child, at the time of the injury, was acting as the father's agent." *Clary v. Board of Education, supra,* at 193.

After its holding that plaintiff had failed to make a case for the jury, the Court went on to say that "we do not reach and we express no opinion" on the following questions:

"(2) Did the evidence of the plaintiffs show that the plaintiff child, in carrying out his assignment, was guilty of contributory negligence as a matter of law? (3) If so, does such contributory negligence of the child bar the father's right to recover in his action?" *Clary v. Board of Education, supra,* at 193.

Later the Supreme Court allowed plaintiffs' petition for a rehearing of the case. After the rehearing the Court withdrew its earlier decision and remanded the cases for a new trial in the Superior Court. *Clary v. Board of Education,* 286 N.C. 525, 212 S.E. 2d 160. In that decision the Court held that the evidence would permit but not require findings that defendant was negligent and that the minor plaintiff was contributorily negligent. The Court thus gave a negative answer to a question posed in its first decision in this case: "(2) Did the evidence of the plaintiffs show that the plaintiff child . . . was guilty of contributory negligence as a matter of law?" The Court was not presented with and did not comment on the final question posed in its first decision: "If so, does such contributory negligence of the child bar the father's right to recover in his action?" That question, however, has been presented in the case before us and must be answered. We hold that if, at the new trial, the child is found to have been contributorily negligent, the child's contributory negligence will bar the mother's right to recover for loss of the child's services and medical expenses for the child. It appears that our holding is consistent with that of most of the courts in other jurisdictions that have decided the question.

For the reasons heretofore stated, there must be a new trial.

New trial.

Judges MORRIS and CLARK concur.