DUKE UNIVERSITY MEDICAL CENTER, PRIVATE DIAGNOSTIC CLINIC v. DOROTHY L. HARDY, TIMOTHY LEE HARDY, THOMAS L. HARDY, A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM AND ROBERT C. WEAVER, TRUSTEE FOR CERTAIN FUNDS BELONGING TO THOMAS L. HARDY

No. 8714DC833

(Filed 19 April 1988)

**Physicians, Surgeons and Allied Professions § 10— judgment for injured minor— failure of medical provider to file claim of lien within 30 days of institution of action**

　　Where the minor defendant was injured in an automobile accident, plaintiffs rendered him medical services, and defendant subsequently recovered damages for his injuries, plaintiffs were not entitled to a hospital and medical services lien on those funds being held by the clerk of court on behalf of the minor defendant, since plaintiffs did not file a claim of lien with the clerk of court within 30 days after defendant's institution of his damages action, as required by N.C.G.S. § 44-49.

APPEAL by plaintiffs from *Chaney, Judge.* Order entered 20 August 1987 in District Court, DURHAM County. Heard in the Court of Appeals 9 February 1988.

*Newsom, Graham, Hedrick, Bryson & Kennon, by Vicky W. Ayers, for plaintiff appellants.*

*Attorney General Thornburg, by Special Deputy Attorney General Charles J. Murray, for defendant appellee Robert C. Weaver, Trustee.*

PHILLIPS, Judge.

Plaintiffs' appeal from an order of summary judgment presents only one question—whether plaintiffs are entitled to a hospital and medical services lien upon certain funds belonging to the minor defendant that are being held in trust for him by the defendant Weaver. The pertinent facts, few and undisputed, follow: For several days following his injury in an automobile collision that occurred on 18 May 1983, the defendant minor, then eight years old, was hospitalized and treated by plaintiffs and their charges have not been paid. On 23 September 1983 an action to recover for his injuries, then pending in the Superior Court of Edgecombe County, was settled and the net sum recovered by the plaintiff was turned over to the defendant Weaver, in his

capacity as Clerk of that court, who has held it in trust for the minor ever since. Plaintiffs did not file claim for a lien in the Edgecombe County Superior Court within thirty days after the minor's action was instituted; and if they claimed by any act or means to have a lien on the minor's recovery of funds before 29 July 1986, when their amended complaint claiming that they have a lien on the minor's funds held by the Clerk of Court was filed in this action, the record does not show it.

The lien that plaintiffs seek is authorized by G.S. 44-49 and G.S. 44-50; statutes that contain provisions which drastically limit their effect, as was pointed out in *A Survey of Statutory Changes in North Carolina in 1947*, 25 N.C.L. Rev. 376, 450-52 (1947), and that must be strictly construed since the lien did not exist at common law. *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925 (1955). Though G.S. 44-49 purports to create a lien "upon any sums recovered as damages for personal injury in any civil action in this State" in favor of anybody the recipient owes for medical and hospital care, it also provides that—

> [N]o lien therein provided for shall be valid with respect to any claims whatsoever unless the person or corporation entitled to the lien therein provided for shall file a claim with the clerk of the court in which said civil action is instituted within 30 days after the institution of such action . . . .

Since the action for the child's damages was instituted in the Edgecombe County Superior Court and plaintiffs did not file a claim for their lien with the Clerk of that court within the time designated by the statute, they are not entitled to a lien under its provisions, as the trial court correctly ruled.

Affirmed.

Judges ARNOLD and COZORT concur.