MINNIE WILLIAMS, ADMINISTRATRIX FOR THE ESTATE OF AARON HUBERT WILLIAMS v. MARIO WILLIS GRAY

No. 748DC801

(Filed 18 December 1974)

1. **Appeal and Error § 50— instructions pertaining to plaintiff's negligence — contributory negligence issue not reached**

Any defect in the charge in respect to plaintiff's intoxication was immaterial since the jury did not reach the issue of contributory negligence.

2. **Automobiles § 90— right of way of pedestrian — failure to charge in initial instructions — subsequent instruction**

Any error in the court's failure to instruct in the initial charge that a pedestrian has the right of way when crossing a highway at

---
**Williams v. Gray**
---

an unmarked crosswalk was cured when the instruction was there-
after given upon request of plaintiff's counsel.

APPEAL by plaintiff from *Lanier, Judge,* 3 June 1974 Ses-
sion of Superior Court held in WAYNE County. Heard in Court
of Appeals 10 December 1974.

This is an action brought by decedent's wife as adminis-
tratrix to recover for his alleged wrongful death. Plaintiff's
evidence tended to show that on the night of 18 February 1974,
decedent was attempting to cross Highway 70-117 Bypass near
its intersection with George Street in Goldsboro when he was
struck and killed by an automobile driven by defendant. Dece-
dent was walking from north to south within the bounds of an
unmarked crosswalk formed by extending the lines of the George
Street sidewalk across the highway. It was about 8:55 p.m. and
raining. Two cars approached decedent at speeds of 45 to 50
miles per hour. The first car safely passed decedent. Defendant,
driver of the second car, testified that he did not see decedent
until he was only 10 to 20 feet away. He swerved sharply to
the left but was unable to avoid hitting decedent. He introduced
evidence that decedent's blood contained "ethanol 280 milli-
grams percent" at the time of his death.

The jury found that the defendant was not negligent.
From judgment entered for defendant, plaintiff appealed to this
Court.

*Barnes and Braswell, P.A., by W. Timothy Haithcock, for
plaintiff appellant.*

*Roland C. Braswell, by Roger W. Hall, for defendant ap-
pellee.*

ARNOLD, Judge.

Although plaintiff has violated the rules of this Court by
failing to note in the record his exceptions to the charge, we
decline to dismiss the appeal on this ground and turn to the
assignments of error. *See Houston v. Rivens,* 22 N.C. App. 423,
206 S.E. 2d 739.

[1]  Plaintiff first contends that the trial court erred by in-
structing the jury on the intoxication when the issue had not
been properly raised. Any defect in the charge in this respect
is immaterial, however, for the jury did not reach the issue of

contributory negligence. This assignment of error is therefore without merit.

[2] Plaintiff also contends that the court erred by failing to instruct that a pedestrian has the right-of-way when crossing a highway at an unmarked crosswalk. Such an instruction was omitted from the initial charge, but upon request of plaintiff's counsel the instruction was later given. Any error in omission was thereby corrected.

We have examined the remaining portions of the record and find

No error.

Chief Judge BROCK and Judge MORRIS concur.