ANN M. HOLBROOKS AND GENE HOLBROOKS v. DUKE UNIVERSITY, INC.

No. 8219SC876

(Filed 2 August 1983)

1. **Physicians, Surgeons and Allied Professions § 17 — negligent injection by nurse — sufficiency of evidence**

    In a medical malpractice action to recover for injuries allegedly suffered by plaintiff as the result of a negligent injection by a nurse at defendant's hospital, plaintiff's evidence was sufficient to be submitted to the jury on the issue of whether a violation of the standard of care for administering injections by defendant's nurse was a proximate cause of plaintiff's injury where a registered nurse testified that giving such an injection at the location in question was not in accordance with the standard of care in the nursing profession in Durham and similar communities, and an orthopedic doctor testified that the injection could have caused damage to a nerve in plaintiff's leg.

2. **Rules of Civil Procedure § 32 — reading portion of deposition into evidence — requiring other portions to be read into evidence**

    Where plaintiffs read into evidence a portion of a doctor's deposition dealing with plaintiff's nerve injury and its causation, it was not error for the trial court to require plaintiffs to read into evidence a part of the doctor's deposition concerning his treatment of plaintiff and the proper place to make the intramuscular injection involved in the case. G.S. 1A-1, Rule 32(a)(5).

APPEAL by plaintiffs from *Gaines, Judge.* Judgment entered 18 March 1982 in Superior Court, CABARRUS County. Heard in the Court of Appeals 7 June 1983.

This is an action for medical malpractice in which the *feme* plaintiff alleges she suffered personal injuries as the result of a negligent injection by a nurse at the defendant's hospital. Plaintiffs' evidence showed that she underwent a surgical procedure at Duke University Hospital. Following the procedure, a nurse employed by the defendant administered an intramuscular injection of Vistaril and Demerol to Mrs. Holbrooks approximately three or four inches above her knee. Mrs. Rebecca Allen, who was found by the court to be a licensed registered nurse and an expert in the field of nursing, testified that giving an intramuscular injection of Demerol and Vistaril at the location in question would not be in accordance with the standard of care among members of the nursing profession in Durham, North Carolina, and similar communities. Dr. James R. Urbaniak, who also was found to be an expert in the field of orthopedic medicine, testified that in his opinion the injection could have caused an injury to a nerve in Mrs. Holbrooks' thigh. Mrs. Holbrooks testified as to her pain since the injection.

At the close of the plaintiffs' evidence, the court granted the defendant's motion to dismiss. The plaintiffs appealed.

*Bailey, Brackett and Brackett, by Martin L. Brackett, Jr. and Cynthia L. Pauley, for plaintiff appellants.*

*Newsom, Graham, Hedrick, Murray, Bryson, Kennon and Faison, by E. C. Bryson, Jr. and William P. Daniell, for defendant appellee.*

WEBB, Judge.

[1] We hold it was error to grant the defendant's motion to dismiss. Mrs. Rebecca Allen was qualified to testify before the jury as to the standard of care for giving injections by nurses in Durham. *See Maloney v. Hospital Systems,* 45 N.C. App. 172, 262 S.E. 2d 680, *disc. rev. denied,* 300 N.C. 375, 267 S.E. 2d 676 (1980). She testified the injection was not in accordance with the standard of care in Durham. Dr. Urbaniak testified the injection could have caused damage to a nerve in Mrs. Holbrooks' leg. We be-

lieve this was sufficient evidence to be submitted to the jury as to whether the violation of the standard of care for the administering of injections by the defendant's agent was a proximate cause of injury to Mrs. Holbrooks.

The defendant argues that the motion to dismiss was properly granted. It says that Mrs. Allen testified that the injection was made in the wrong place and Dr. Urbaniak testified the injection caused the damage to the nerve but neither of them testified that the damage was caused because the injection was made at the wrong place. We believe that from the testimony of these two witnesses, the jury could infer that the damage to the nerve was caused by the injection being administered in the wrong place.

[2] The plaintiffs also assign error to the court's requiring them to read into the record certain portions of a deposition by Dr. Urbaniak. We shall discuss this assignment of error because the question upon which it is based may arise again at a new trial. The plaintiffs read into evidence a portion of Dr. Urbaniak's deposition dealing with the nerve injury and its causation. The court then required the plaintiffs to read into evidence a part of Dr. Urbaniak's deposition as to his treatment of Mrs. Holbrooks and the proper place to make an intramuscular injection of Vistaril and Demerol.

G.S. 1A-1, Rule 32(a)(5) provides in part:

> "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which is relevant to the part introduced . . . ."

We believe the segments of the deposition which the court compelled the plaintiffs to read into evidence were sufficiently relevant to the parts of the deposition which the plaintiffs offered into evidence so that it was not error for the court to compel the plaintiffs to read them to the jury.

For the reasons stated in this opinion, there must be a

New trial.

Judges ARNOLD and BRASWELL concur.