THORNBURG, Judge.
On 19 August 2001, plaintiff and defendant were fishing together just off the North Carolina coast in Drum Inlet. Plaintiff was a guest on defendant's boat and was sitting on a raised seat in the bow of the boat. Defendant piloted the boat from the center console behind and below plaintiff's seat. While defendant was piloting the boat to a different fishing location, he struck a sandbar. The boat was running between fifteen and twenty miles per hour at the time defendant hit the sandbar. Upon hitting the sandbar, the boat came to a sudden stop and plaintiff was thrown from his elevated seat onto a sandbar in the shallow waterin front of the boat. Plaintiff suffered permanent injury to his right leg from his fall onto the sandbar.
On 8 July 2002, plaintiff filed a complaint alleging negligence by defendant, which caused the injuries to his leg. Plaintiff amended his complaint on 6 May 2003, asking that the case be decided under admiralty and maritime law. On 23 September 2003, a jury returned a verdict finding no negligence by defendant. Plaintiff appeals.
Plaintiff argues: (1) that the trial court erred in refusing to allow plaintiff to introduce into evidence portions of defendant's deposition testimony; and (2) that the trial court erred in not instructing the jury on the law of comparative negligence. We disagree and find no error.
Plaintiff first contends that the trial court erred by not allowing him to introduce into evidence portions of the deposition of defendant under N.C. R. Civ. P. 32. Rule 32(a) states that "[a]t the trial . . ., any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition . . . ." N.C. Gen. Stat. § 1A-1, Rule 32(a) (2003). More specifically, "[t]he deposition of a party . . . may be used by an adverse party for any purpose, whether or not the deponent testifies at the trial or hearing." N.C. Gen. Stat. § 1A-1, Rule 32(a)(3) (2003). However, "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require him tointroduce any other part which is relevant to the part introduced . . . ." N.C. Gen. Stat. § 1A-1, Rule 32(a)(5) (2003).
At trial, plaintiff attempted to enter portions of defendant's deposition into evidence under Rule 32(a)(3). Defendant claims this was the first notice he had of any intent to introduce his deposition into evidence and that he had no indication which portions plaintiff desired to enter into evidence. As such, defendant asserts that he could not respond under Rule 32(a)(5) to have plaintiff enter into evidence only the other portions of the deposition which were relevant to the parts introduced by plaintiff. Defendant opposed plaintiff's motion and requested that plaintiff enter the entire deposition into evidence. The trial court, in its discretion, agreed with defendant and held that plaintiff could either read the entire deposition into evidence or call defendant to the stand and use the deposition to impeach his testimony if necessary.
Plaintiff did not indicate which portions of the sixty-nine page deposition he wished to enter into evidence until after the trial court's ruling in this matter. Where a plaintiff reads into evidence a portion of a deposition, it is not error for the trial court to require the plaintiff to read into evidence other relevant parts of the deposition. See N.C. Gen. Stat. § 1A-1, Rule 32(a)(5); Holbrooks v. Duke University, 63 N.C. App. 504, 506, 305 S.E.2d 69, 70 (1983); The Property Shop v. Mountain City Investment Co., 56 N.C. App. 644, 648, 290 S.E.2d 222, 225 (1982). Prior to plaintiff's attempt to enter into evidence portions of defendant'sdeposition, there was no indication which portions plaintiff intended to read into evidence. Therefore, there were no means by which any party other than plaintiff could have determined which other portions of the deposition were relevant to those plaintiff intended to enter into evidence. Considering the situation before it, the trial court was within its discretion to have plaintiff either read the entire deposition into evidence or instead call defendant to the stand and use his deposition to impeach his testimony if necessary. Plaintiff's assignment of error fails.
Plaintiff also argues that the trial court erred in not instructing the jury on comparative negligence. Plaintiff contends that all cases involving vessels in navigable waters are governed exclusively under substantive federal admiralty law pursuant to 28 U.S.C. . 1333 and Article III, Section 2, Clause one of the United States Constitution. Plaintiff claims that the trial court, pursuant to federal admiralty law, should have submitted an instruction on comparative negligence to the jury and that the submission of an instruction on contributory negligence under North Carolina law was error.
Even assuming arguendo that the trial court improperly charged the jury on contributory instead of comparative negligence, plaintiff's argument is without merit as "error committed in charging on an issue not reached by the jury is treated as harmless." Poniros v. Teer Co., 236 N.C. 145, 146, 72 S.E.2d 9, 10 (1952); see also Williams v. Gray, 24 N.C. App. 305, 306-7, 210 S.E.2d 444, 445 (1974) ("Any defect in the charge . . . isimmaterial, however, for the jury did not reach the issue of contributory negligence.")
In the instant case, the jury returned a verdict that plaintiff was not injured through the negligence of defendant and did not reach the issue of contributory negligence. Therefore, any error in charging the jury on the law of contributory negligence instead of comparative negligence, would be harmless as the jury never reached the issue of comparative/contributory negligence.
No error.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).