DOROTHY M. WRENN v. HERBERT G. WATERS

No. 47

(Filed 18 November 1970)

Automobiles §§ 19, 90— driver entering intersection on green light — duty to use due care — assumption as to other drivers — instructions

An instruction that a driver entering an intersection on a green light must exercise the care that a reasonably prudent person would exercise under the circumstances, taking into consideration the possibility that someone might come into the intersection in violation of the red light, *held* deficient in failing to further charge that in the absence of anything which gives or should give notice to the contrary, a motorist has the right to assume and to act on the assumption that opposing drivers will observe the rules of the road and stop in obedience to a traffic signal.

APPEAL by plaintiff from *Carr, J.,* December 1969 Civil Session, WAKE Superior Court.

Personal injury suit arising out of a collision at 12:30 p.m. on 24 September 1968 between automobiles driven by plaintiff and defendant. The road was dry and the weather was clear.

Plaintiff was driving west on New Bern Avenue in Raleigh, and defendant was driving north on Tarboro Road, approaching its intersection with New Bern Avenue. At this intersection there are five traffic lanes on New Bern Avenue with three lanes used for westbound traffic. The intersection is controlled by traffic control signals. There are left turn signals controlling left turning traffic. These signals operate on the impulse of an electronic eye which is aimed at the left turn lanes on New Bern Avenue. Thus westbound traffic may be flowing freely under a green signal in the westbound lanes of New Bern Avenue while the eastbound traffic on New Bern is stopped by the red light to allow westbound turning traffic to flow south into Tarboro Road.

The two vehicles collided in the intersection. The point of impact was in the center westbound lane of New Bern Avenue six to seven feet into the intersection, measured from the prolonged eastern curb line of Tarboro Road. Plaintiff's testimony, corroborated by a passenger in her car and by the operator of an Esso Station located in the southeast corner of New Bern and Tarboro Road, is to the effect that plaintiff was driving west on New Bern when the light facing her turned green; that two other cars preceding her by two or three car lengths passed through the intersection; that she followed them into the intersection and struck defendant's car in its right side as he attempted to pass through the intersection on Tarboro Road, going north. Plaintiff testified she did not see defendant's car before impact; that there were cars in the left turn lane immediately to her left; and that she was driving 15-20 miles per hour in the center westbound lane. Plaintiff stated on cross examination: "Before I attempted to enter the intersection I looked as I do anytime I am traveling through an intersection. On this particular day at this particular intersection, I do not remember turning and looking to my left. . . . I remember there was traffic around the intersection. I remember I was at the Piggly Wiggly when the light turned green."

Defendant, a 74-year-old man, testified that the light in his lane was green when he entered the intersection. A passenger in his vehicle also said the light facing him was green

although she admitted that she was presently suing defendant for her injuries. Another defense witness testified that the light facing defendant was green as defendant moved into the intersection. No one contends that the traffic control lights at this intersection were malfunctioning. Each party simply contends that the light facing her or him was green. The sequence of the lights was checked by the police following the collision and found to be working properly.

Issues of negligence, contributory negligence, and damages were submitted. The jury answered the negligence issue "yes" and the contributory negligence issue "yes." The court accordingly adjudged that plaintiff recover nothing and pay the costs. Plaintiff appealed to the Court of Appeals, assigning errors in the charge. That court found no error, 9 N.C. App. 39, 175 S.E. 2d 368 (1970), and we allowed *certiorari*, 277 N.C. 117.

*Smith, Leach, Anderson and Dorsett, and Hollowell and Ragsdale, by William L. Ragsdale, for the plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey and Clay by Ronald C. Dilthey, for the defendant appellee.*

HUSKINS, Justice.

On the contributory negligence issue the court charged the jury as follows:

> "The law requires a driver to exercise due care in entering an intersection, even though she is entering on the green light. She must exercise the care that a reasonably prudent person would exercise, under the circumstances, taking into consideration the possibility that someone might come in the intersection in violation of the rule, coming in the intersection on the red light."

This constitutes the entire charge on the second issue. Plaintiff contends this charge is inadequate, incomplete and prejudicial and assigns same as error.

The leading case in North Carolina on the duty of a motorist entering an intersection is *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25 (1952). In that case the Court, speaking through Justice Ervin, overruled earlier cases which held in effect that "the right to rely on a right of way created by posi-

tive legislation and to assume that other users of the highway will obey the law and exercise ordinary care is restricted to those motorists who are themselves absolutely free from negligence." It was said that the cases supporting that principle "constitute a negation of the basic concept that since every person necessarily acts on appearances, his conduct in a given situation must be judged in the light of *all* the circumstances surrounding him at the time."

Four years later in *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416 (1956), Justice Higgins supplied the much-cited general rule which is grounded on the principles set out in *Cox:*

"We are not unmindful of the fact that a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. *Ward v. Bowles,* 228 N.C. 273, 45 S.E. 2d 354 [1947]. Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal. *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25 [1952]."

This language is quoted with approval in *Currin v. Williams,* 248 N.C. 32, 102 S.E. 2d 455 (1958), and in *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727 (1967). *See also Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342 (1954) ; *Hyder v. Battery Company, Inc.,* 242 N.C. 553, 89 S.E. 2d 124 (1955) ; and *Jones v. Schaffer,* 252 N.C. 368, 114 S.E. 2d 105 (1960), all of which support this view; and 3 Blashfield Automobile Law and Practice (3rd Ed., 1965) § 114.42, where supporting cases from other jurisdictions are collected.

When the instant charge on contributory negligence is laid alongside the language of *Wright v. Pegram, supra,* its deficiency is quite apparent. The charge was correct as far as it went, but it failed to go far enough. The able and conscientious trial judge should have further instructed the jury that in the absence of anything which gives or should give notice to the contrary, a motorist has the right to assume and to act on the assumption that opposing drivers will observe the rules

of the road and stop in obedience to a traffic signal. Failure to so charge was error; hence this assignment must be sustained. We put aside the remaining assignments without discussion.

Error in the respect indicated necessitates a new trial. The case is remanded to the Court of Appeals where it will be certified to the Superior Court of Wake County for a new trial in accordance with this opinion.

Error and remanded.