OPHELIA W. HOUSTON AND HAROLD HOUSTON v. THOMAS MONROE RIVENS

No. 7426DC453

(Filed 17 July 1974)

1. **Appeal and Error § 31— assignment of error to charge**

    Plaintiffs' assignment of error to the trial court's instructions was insufficient where plaintiffs did not quote the objectionable portion of the charge to which they excepted, point out the alleged error, and indicate what the court should have charged.

2. **Automobiles § 90— action arising from collision — instructions**

    Evidence in an automobile collision action was sufficient to create issues of fact and to justify the trial court's charge as to whether plaintiff kept her vehicle under control, maintained a proper lookout and gave a turn signal before attempting a left turn into a driveway.

3. **Automobiles § 90— instructions — application to proper party**

    Though portions of the trial judge's instructions were expressly applied to both plaintiffs and defendant when they should have been applied only to defendant, the entire charge could have left no doubt in the minds of the jurors as to the respective duties of the parties, and plaintiffs, therefore, were not prejudiced.

4. **Automobiles §§ 16, 90— passing vehicle — duty to sound horn — instructions**

    Trial court's instruction that absent a horn warning from defendant, plaintiffs would not be chargeable with knowledge of defendant's intention to pass was proper, though the court did not also instruct that plaintiffs had a right to assume that defendant would obey the statutory requirement of sounding his horn, since the instruction

given was tantamount to an instruction on plaintiffs' right to assume that other motorists would comply with the rules of the road.

APPEAL from *Stukes, District Judge,* 7 January 1974, Session of MECKLENBURG County District Court. Heard in the Court of Appeals 12 June 1974.

This action was instituted on 18 August 1972 seeking to recover for personal injuries and property damage sustained by plaintiffs as a result of an automobile accident. Defendant answered, alleging contributory negligence and counterclaimed for property damage.

The evidence tended to show that plaintiff Ophelia Houston was driving an automobile owned by plaintiff Harold Houston in an easterly direction on U. S. Highway 73 on the outskirts of Davidson in Mecklenburg County. Ophelia Houston was the first car in a line of three cars. The second vehicle was driven by Jerry McArn, and the third car was driven by defendant. The speed limit at the scene of the accident was 55 miles per hour.

McArn testified that he first observed Mrs. Houston's vehicle approaching him on Highway 73. The vehicle turned into a driveway, backed out into the highway, and began to travel in the same direction as McArn. McArn was travelling at 45 miles per hour when he first sighted the Houston vehicle, but he slowed down when she pulled out in front of him. The driveway in which Mrs. Houston turned around was approximately 300 yards from the scene of the accident. According to McArn, Mrs. Houston proceeded 50 to 75 yards before she turned on her turn signal, indicating a left turn. When Mrs. Houston began her left turn into the driveway, she had "almost come to a stop when she could take the turn," and McArn had slowed down to five to ten miles per hour. At this point, McArn observed defendant's vehicle overtaking him in the left lane. The vehicle of defendant was already in the left lane when plaintiff had started her left turn. When the plaintiffs' vehicle was partially in the driveway and partially on the pavement of the highway, defendant's car struck the left rear of plaintiffs' vehicle. McArn testified that he did not hear the defendant's vehicle sound a horn prior to passing him.

Plaintiff Ophelia Houston testified that she turned her blinker on approximately 200 feet prior to turning. Prior to

activating her turn signal, she looked in her rear view mirror and saw the two vehicles in line behind her. She heard no horn, and she did not see defendant's vehicle in the passing lane until she had begun to cross the left lane.

Defendant testified that he did not see plaintiff Ophelia Houston give a turn signal and he did not recall whether he blew his horn. He testified that while he was following the Houston vehicle and the McArn vehicle, his speed was 35 miles per hour. His speed decreased as the cars in front of him slowed down, and as he passed the McArn vehicle his speed increased to 25 miles per hour. At the time of impact, his speed was 10 miles per hour. From his position following the McArn vehicle, he was unable to see the Houston vehicle—it was not until he pulled out to pass that he saw the Houston vehicle.

At the close of all the evidence, both parties moved for directed verdicts. Both motions were denied and the case was submitted to the jury, which found that defendant was negligent and that plaintiff Ophelia Houston was contributorily negligent. Plaintiffs' motion for a judgment notwithstanding the verdict was denied, and plaintiffs appealed.

*Chambers, Stein, Ferguson and Lanning, by Fred A. Hicks, for plaintiff appellants.*

*Sanders, Walker and London, by Robert G. McClure, Jr., for defendant appellee.*

MORRIS, Judge.

Plaintiffs have brought forward multiple exceptions to the court's instructions to the jury. While we agree that portions of the instructions are erroneous in themselves, we do not feel that they are sufficiently prejudicial to warrant a new trial, when viewed contextually with the charge as a whole.

[1] In their first assignment of error, plaintiffs contend that the court failed to explain the law as it applied to the facts of the case and failed to apply the law to the facts of the case. This assignment brings forward only that exception numbered 19, which does not specify objectionable portions of the charge. Plaintiffs quote in their brief portions of the charge which they contend to be erroneous, but this is not sufficient to present a question on the charge. An assignment of error must quote the objectionable portion of the charge to which appellant excepts,

point out the alleged error, and indicate what the court should have charged. *Motors, Inc. v. Allen,* 20 N.C. App. 445, 201 S.E. 2d 513 (1974). This broadside exception is overruled. Plaintiffs have, however, properly brought forward other exceptions in other assignments of error which present the questions they attempted to raise in their first assignment of error.

**[2]**  It is plaintiffs' position that the trial court erred in its instructions on femme plaintiff's failure to keep her vehicle under control, her failure to keep a reasonable lookout in her direction of travel, and in submitting the issue of whether she gave a turn signal before attempting a left turn into the driveway. The court instructed the jury as follows:

> ". . . defendant Rivens alleges that the plaintiffs were negligent in the following respects: First, that the plaintiff failed to keep a proper lookout. That the plaintiff failed to keep the vehicle that Mrs. Houston was operating under proper control . . . and that plaintiffs turned their vehicle to the left without giving first, a plain visible signal of the intention of making such movement . . ."

There were in fact no such allegations. The court further instructed in effect that if the jury should find from the greater weight of the evidence that plaintiff failed to keep a proper lookout, failed to keep the vehicle under control, or turned left without giving a plainly visible signal, they should find plaintiff guilty of contributory negligence.

We feel that the evidence before the court justified such a charge. Defendant testified that he did not remember seeing a turn signal on the plaintiffs' vehicle, and while McArn testified that he saw a turn signal, he testified that it only blinked three or four times. Plaintiff testified that she did not see defendant's vehicle in the passing lane until she had begun to cross the left lane. We think that this evidence is sufficient to create issues of fact whether plaintiff kept her vehicle under control, maintained a proper lookout and gave a turn signal.

**[3]**  Plaintiffs contend that the court erred in failing to delineate which instructions applied to the plaintiffs and which applied to the defendant. It is their position that the evidence relative to the duties of the parties was different. It is true that portions of the instructions were expressly applied to both parties when they should have been applied only to defendant.

Nevertheless, a thorough reading of the instruction as a whole convinces us that the charge could have left no doubt in the minds of the jurors as to the respective duties of the parties. An inaccuracy in the instruction will not be held prejudicial error when it is apparent from the charge, construed contextually, that the jury could not have been misled. *Hammond v. Bullard*, 267 N.C. 570, 148 S.E. 2d 523 (1966).

[4] Plaintiffs further assign error to the failure of the court to instruct that absent a horn warning from defendant, plaintiffs could not be charged with knowledge of defendant's intention to pass, and could assume that defendant would obey the statutory requirement of sounding his horn before attempting to pass plaintiffs. The court charged as follows:

> "Now under this law it was the duty of the defendant to sound his horn before attempting to pass plaintiffs' vehicle, and that such sounding or warning be given to the driver of plaintiffs' vehicle in reasonable time to avoid injury or damage which would likely result to the plaintiffs and their vehicle while turning to the left. Now in the absence of such warning from the defendant, knowledge of his intent to pass may not be charged to the driver of the plaintiffs' vehicle."

Plaintiffs apparently take the position that it is not sufficient to instruct that plaintiffs would not be chargeable with knowledge of defendant's intention to pass; rather, they contend that the court must further instruct that plaintiffs had a right to assume that the defendant would obey the statutory requirement of sounding his horn. In *Wrenn v. Waters*, 277 N.C. 337, 177 S.E. 2d 284 (1970), the Supreme Court held an instruction deficient in that it failed to charge that

> ". . . in the absence of anything which gives or should give notice to the contrary, a motorist has the right to assume and to act on the assumption that opposing drivers will observe the rules of the road and stop in obedience to a traffic signal." *Id.*, at 340-341.

It is clear that the evidence in the case before us dictates an instruction on the necessity for a horn warning and the effect of the absence of such warning. We feel, however, that the instruction given was tantamount to an instruction on plaintiffs' right to assume that other motorists would comply with the

rules of the road, particularly when viewed in the context of the entire charge in which we find no prejudicial error.

No error.

Judges BRITT and BALEY concur.