HEATHER GOODAN SMITH, Plaintiff v. WINN-DIXIE CHARLOTTE, INC., NEIL CHHABIL BHAYANI, KAREN J. BHAYANI, NICLAS TIM SCHEWZYK, BENJAMIN A. WILLIAMS, ROBERT BENAJMIN CURRIE and JOHN DOE, unknown employee of WINN-DIXIE CHARLOTTE, INC., Defendants

No. COA00-284

(Filed 20 February 2001)

**1. Alcoholic Beverages— impaired driver—seller of alcohol—common law negligence—purchaser not noticeably intoxicated**

The trial court did not err by granting summary judgment for defendant Winn-Dixie where plaintiff was injured in a car accident with defendant Bhayani after Bhayani consumed alcoholic beverages purchased from Winn-Dixie by defendant Schewzyk. Evidence that Schewzyk entered the Winn-Dixie was sufficient to show that Winn-Dixie knew or should have known that he was going to drive a motor vehicle because a reasonable person could find that someone traveling to and from a grocery store does so by motor vehicle (but this does not create a per se rule of liability); however, there was no evidence that Schewzyk consumed alcoholic beverages prior to making a purchase at Winn-Dixie or that he exhibited any signs of intoxication at the time of the sale.

**2. Alcoholic Beverages— impaired driver—furnisher of alcohol—common law negligence—driver not noticeably intoxicated**

The trial court erred by not granting summary judgment for defendant Schewzyk where plaintiff was injured in a car accident with defendant Bhayani after Bhayani consumed alcoholic beverages purchased from Winn-Dixie by defendant Schewzyk. There was evidence that Bhayani drove his vehicle to the Winn-Dixie parking lot and that Schewzyk furnished Bhayani with alcoholic beverages in the parking lot, but there was no evidence that Bhayani was noticeably intoxicated at the time Schewzyk furnished him with the beverages.

**3. Alcoholic Beverages— impaired driver—companions furnishing alcohol—common law negligence—insufficient evidence**

The trial court did not err by granting summary judgment for defendant Williams and erred by denying summary judgment for defendant Currie in an action arising from plaintiff being struck by Bhayani's vehicle after he had been drinking with Williams and

Currie. Plaintiff cannot maintain a common law negligence claim against Williams and Currie for furnishing alcoholic beverages because there was no evidence that they furnished Bhayani with alcoholic beverages at any time on the day of the accident.

**4. Motor Vehicles— impaired driving—aiding and abetting— intent—insufficient evidence**

Summary judgment was properly granted for defendant Williams and should have been granted for defendants Schewzyk and Currie in an action arising from plaintiff being struck by Bhayani's vehicle after he had been drinking with Schewzyk, Williams, and Currie. Although plaintiff contended that Schewzyk, Williams, and Currie aided and abetted Bhayani in driving while impaired, there was no evidence of intent to aid Bhayani in driving while impaired and no evidence that any such intent was communicated to Bhayani. Consuming alcoholic beverages with Bhayani and not stopping him from driving does not render them guilty as principals.

**5. Motor Vehicles— impaired driving—no duty to prevent**

Summary judgment was properly granted for defendant Williams and should have been granted for defendant Currie in an action arising from plaintiff being struck by Bhayani's vehicle after he had been drinking with Schewzyk, Williams, and Currie where plaintiff contended that Williams and Currie knew that Bhayani was intoxicated and failed to prevent him from driving. This is not a duty which the law of North Carolina places upon a person.

Judge TYSON concurring in the result.

Appeals by plaintiff, defendant Niclas Tim Schewzyk, and defendant Robert Benjamin Currie from judgment filed 18 November 1999 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 January 2001.

*Erdman, Hockfield and Burt, L.L.P., by David W. Erdman and Ronald A. Skufca, for plaintiff-appellant.*

*The Robinson Law Firm, PLLC, by William C. Robinson, for defendant-appellant Schewzyk.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor, for defendant-appellant Currie.*

**SMITH v. WINN-DIXIE CHARLOTTE, INC.**

[142 N.C. App. 255 (2001)]

*Guthrie, Davis, Henderson & Staton, P.L.L.C., by Kimberly R. Matthews, for defendant-appellee Winn-Dixie Charlotte, Inc.*

*Morris, York, Williams, Surles & Barringer, L.L.P., by John P. Barringer and Jennifer J. Cross, for defendant-appellee Williams.*

GREENE, Judge.

Heather Goodan Smith (Plaintiff) appeals from an order filed 18 November 1999, granting summary judgment in favor of Winn-Dixie Charlotte, Inc. (Winn-Dixie) and Benjamin A. Williams (Williams). Additionally, Niclas Tim Schewzyk (Schewzyk) and Robert Benjamin Currie (Currie) appeal from the 18 November 1999 order, in which the trial court denied their motions for summary judgment.[1]

In a complaint filed 25 November 1998, Plaintiff alleged that on 11 October 1996, seventeen-year-old Neil Chhabil Bhayani (Bhayani), sixteen-year-old Williams, seventeen-year-old Schewzyk, and seventeen-year-old Currie met in the parking lot of a Winn-Dixie store in Weddington (the Winn-Dixie). While in the parking lot, the parties "exchanged money and placed orders for the purchase of alcoholic beverages." Schewzyk then entered the Winn-Dixie, purchased at least two six-packs of alcoholic beverages, and gave some of the alcoholic beverages to Bhayani, Williams, and Currie. Bhayani consumed alcoholic beverages in the presence of Schewzyk, Williams, and Currie. Bhayani subsequently left the location where the parties were drinking, and drove his vehicle in the direction of Providence Road. On Providence Road, Bhayani was involved in a car accident when his vehicle struck a vehicle driven by Plaintiff. Plaintiff was injured in the accident. At the time of the accident, Bhayani had a blood alcohol level of 0.118. Subsequent to the accident, Bhayani was convicted of driving while impaired under N.C. Gen. Stat. § 20-138.1.

Plaintiff's complaint alleged claims against Winn-Dixie, in pertinent part, for common law negligence and negligence *per se* based on

---

1. Plaintiff's complaint also alleged claims against Neil Chhabil Bhayani and his mother, Karen J. Bhayani; however, these claims are not before this Court.

We acknowledge the appeals in this case are interlocutory in nature because the trial court's order did not fully dispose of all of Plaintiff's claims. *See DeHaven v. Hoskins,* 95 N.C. App. 397, 399, 382 S.E.2d 856, 858, *disc. review denied,* 325 N.C. 705, 388 S.E.2d 452 (1989). Without deciding whether these appeals affect a substantial right and are therefore properly before this Court, *see id.,* we treat the appeals as petitions for writ of certiorari and address the merits of the appeals, *see Walker v. Liberty Mut. Ins. Co.,* 84 N.C. App. 552, 555, 353 S.E.2d 425, 427 (1987).

Winn-Dixie's alleged violation of N.C. Gen. Stat. § 18B-302 (sale of alcohol to underage persons).[2] Plaintiff's complaint also alleged claims against Williams, Schewzyk, and Currie for common law negligence, negligence *per se* based on the parties' alleged conspiracy to violate N.C. Gen. Stat. § 18B-302 (purchase of alcohol by underage persons), and negligence *per se* based on the parties' alleged aiding and abetting of Bhayani in his violation of section 20-138.1.

In a deposition taken 13 February 1998, Schewzyk testified that at the time of the accident he had a false identification. Schewzyk obtained the identification for the purpose of purchasing alcoholic beverages. On the date of the accident, Bhayani gave Schewzyk a ride home from school at approximately 3:00 p.m. Later that evening, Schewzyk met Bhayani either at Bhayani's house or at the Winn-Dixie. Sometime between 6:30 p.m. and 7:00 p.m., the parties met Williams and Currie in the Winn-Dixie parking lot. Schewzyk then went inside the Winn-Dixie to purchase beer for Bhayani, who gave him money to pay for the beer. Schewzyk also purchased beer for either Williams or Currie. Schewzyk purchased a total of two six-packs of beer and he gave one of the six-packs to Bhayani. Schewzyk did not recall whether the cashier in the Winn-Dixie asked him for identification when he purchased the beer. When asked during his deposition whether Bhayani had consumed any alcoholic beverages prior to meeting Schewzyk in the parking lot, Schewzyk responded, "I know for sure that he hadn't."

After Schewzyk returned to the Winn-Dixie parking lot with the beer, the parties got into two vehicles and drove to a dirt road. Schewzyk saw Bhayani "drink one or maybe two [beers]" in "a short period of time." The parties originally planned to leave one of the two vehicles at a BP gas station near the dirt road and ride together in one vehicle to a high school football game, with either Currie or Williams acting as a "designated driver." When the parties went to the BP gas station, however, Bhayani decided to ride by himself in his own vehicle. Schewzyk stated that when Bhayani left the BP gas station, "[h]e wasn't acting any different[ly] than he usually does."

---

2. Plaintiff also brought a claim against Winn-Dixie pursuant to N.C. Gen. Stat. § 18B-121 (the North Carolina Dram Shop Act). The trial court dismissed this claim on the ground it was not filed within the one-year statute of limitations, *see* N.C.G.S. § 18B-126 (1999), and Plaintiff does not appeal from this dismissal. Additionally, Plaintiff's complaint alleged a claim against "JOHN DOE[,] unknown employee of [Winn-Dixie]." Plaintiff, however, subsequently dismissed her claim against "JOHN DOE," and Plaintiff does not appeal from the order of dismissal.

SMITH v. WINN-DIXIE CHARLOTTE, INC.

[142 N.C. App. 255 (2001)]

On 26 November 1997, Bhayani gave deposition testimony regarding the 11 October 1996 accident. Bhayani testified that at approximately 3:00 p.m. on the day of the accident, he met several acquaintances, including Schewzyk, at the Winn-Dixie after school. Bhayani and several others then gave Schewzyk money and Schewzyk went inside the Winn-Dixie and purchased alcoholic beverages. Schewzyk purchased a six-pack of beer for Bhayani. Bhayani placed the beer in his vehicle, and went to the YMCA to work out. Later that evening, at approximately 6:00 p.m., Bhayani again met up with Schewzyk and several others at the Winn-Dixie parking lot. The parties then drove in separate vehicles to a dirt road, where Bhayani drank three twelve-ounce beers from the six-pack. Bhayani drank the beer approximately thirty minutes prior to the accident. He testified that, other than this beer, he had not consumed any alcoholic beverages in the 24-hour period preceding the accident. After Bhayani finished drinking the beer, he left the dirt road alone in his vehicle. He intended to meet up with his friends later that evening.

In a deposition taken 30 September 1999, Williams testified that on 11 October 1996, he left school with Currie and went to the Winn-Dixie to meet Schewzyk and Bhayani. The parties then separated and Williams and Currie went to the homes of several friends. William and Currie met Schewzyk and Bhayani back at the Winn-Dixie at approximately 6:00 p.m. At the Winn-Dixie, Williams gave Schewzyk money and Schewzyk went inside the Winn-Dixie and purchased a twelve-pack and six-pack of beer. Prior to the purchase, Williams did not notice "any alcohol on [Schewzyk's] breath," Schewzyk was walking and talking "fine," and his "eyes looked fine." After Schewzyk purchased the beer, the parties drove in the vehicles of Bhayani and Currie to a dirt road located across the street from the Winn-Dixie. Williams drank six beers while at the dirt road and he was "pretty sure" Bhayani also drank six beers. Williams testified he did not believe Bhayani consumed any alcoholic beverages prior to the arrival of the parties at the dirt road on the day of the accident because Bhayani appeared "[s]ober" at 6:00 p.m. when the parties met in the Winn-Dixie parking lot.

In a deposition taken on 30 September 1999, Currie testified that he began working as a bagger at the Winn-Dixie in February 1996 and he was employed by the Winn-Dixie on the date of the accident. Currie stated that on the afternoon of 11 October 1996, he met Williams, Bhayani, and Schewzyk in the Winn-Dixie parking lot. In the parking lot, Currie saw Williams and Bhayani give Schewzyk money

to purchase beer and Schewzyk and Bhayani entered the Winn-Dixie. At the time Schewzyk and Bhayani entered the Winn-Dixie, neither of them appeared to have been drinking alcoholic beverages. Schewzyk and Bhayani returned to the parking lot a few minutes later with two six-packs of beer and they put the beer in the trunk of Bhayani's vehicle. Currie then went home, got dressed for work, and returned to the Winn-Dixie to work for "two or three hours." After he finished working, Currie met up with Bhayani, Williams, and Schewzyk on a gravel road located approximately one mile from the Winn-Dixie. Currie drove his vehicle to the gravel road and Williams was riding with Currie. Bhayani and Schewzyk arrived at the gravel road in Bhayani's vehicle, and the parties "hung out" on the gravel road "for no longer than an hour." Currie observed Bhayani drink "[n]o more than two or three beers" and Bhayani "did not appear to be drunk." Williams and Currie then left in Currie's vehicle to go to the football game, and Bhayani drove Schewzyk to Schewzyk's vehicle, which was parked somewhere near the gravel road.

In a judgment filed 18 November 1999, the trial court granted summary judgment in favor of Winn-Dixie on Plaintiff's claims against it for negligence and negligence *per se* on the ground there was "no genuine issue as to any material fact." The trial court also granted summary judgment in favor of Williams on Plaintiff's claims against him on the ground there was "no genuine issue as to any material fact." Finally, in its 18 November 1999 judgment, the trial court denied Schewzyk's and Currie's motions for summary judgment.

---

The issues are whether: (I) there is substantial evidence (A) Winn-Dixie breached a duty owed to Plaintiff when it sold alcoholic beverages to Schewzyk, (B) Schewzyk breached a duty owed to Plaintiff when he furnished Bhayani with alcoholic beverages, and (C) Williams and Currie breached a duty owed to Plaintiff by furnishing Bhayani with alcoholic beverages; (II) there is substantial evidence Schewzyk, Williams and/or Currie aided and abetted Bhayani in committing the offense of driving while impaired under N.C. Gen. Stat. § 20-138.1; and (III) a duty exists in North Carolina to prevent another from driving while impaired.

I

A plaintiff may maintain a common law negligence action against a defendant who furnished alcoholic beverages to a third-party pro-

SMITH v. WINN-DIXIE CHARLOTTE, INC.

[142 N.C. App. 255 (2001)]

vided the plaintiff presents substantial evidence[3] "to satisfy all elements of a common law negligence suit, that is, duty, breach of duty, proximate cause, and damages."[4] *Estate of Mullis v. Monroe Oil Co.*, 349 N.C. 196, 202, 505 S.E.2d 131, 135 (1998). Generally, a defendant has a duty "to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992). A defendant who furnishes alcoholic beverages to third-parties breaches this duty of reasonable care, owed to people who travel on the public highways, when it furnishes alcoholic beverages "to a noticeably intoxicated person who is going to drive [a motor vehicle]." *Mullis*, 349 N.C. at 201-02, 505 S.E.2d at 135. Thus, the test for whether a defendant has, by its furnishing of alcoholic beverages, breached a duty to individuals traveling on the public highways consists of two parts. In order to prevail on the element of duty, the plaintiff must present substantial evidence the defendant: (1) furnished alcoholic beverages to someone the defendant knew or should have known was "noticeably intoxicated," and (2) the defendant knew or should have known this "noticeably intoxicated" person was going to drive a motor vehicle. Evidence the defendant knew or should have known a person was "noticeably intoxicated" might include, but is not limited to, such outward signs of intoxication as slurred speech, lack of control over body motions, and an odor of alcohol. *Id.* at 204, 505 S.E.2d at 136.

A

**[1]** Plaintiff argues the trial court erred by granting summary judgment in favor of Winn-Dixie because the pleadings, depositions, and affidavits raise a genuine issue of material fact regarding whether

3. "Summary judgment is proper when there is no genuine issue as to any material fact." *Johnson v. Trustees of Durham Technical Community College*, —— N.C. App. ——, ——, 535 S.E.2d 357, 361, *appeal dismissed and disc. review denied*, —— N.C. ——, —— S.E.2d ——, 2000 WL 33115321 (Dec. 20, 2000) (No. 474P00); N.C.G.S. § 1A-1, Rule 56 (1999). "An issue is genuine where it is supported by substantial evidence." *Johnson*, —— N.C. App. at ——, 535 S.E.2d at 361.

4. A common law negligence claim based on the furnishing of alcoholic beverages to a third-party may be brought against a defendant regardless of the capacity in which the defendant furnished the alcoholic beverages. Such causes of actions are not limited to defendants who furnished alcoholic beverages in their capacities as social hosts or commercial vendors. *See Mullis*, 349 N.C. at 202, 505 S.E.2d at 135 (claims against commercial vendors and social hosts do not create a new cause of action, "but merely allow 'established negligence principles' to be applied to the facts of plaintiff's case").

SMITH v. WINN-DIXIE CHARLOTTE, INC.

[142 N.C. App. 255 (2001)]

Winn-Dixie breached a duty to Plaintiff when it sold alcoholic beverages to Schewzyk.[5] We disagree.

In this case, the record contains evidence Schewzyk entered the Winn-Dixie and purchased alcoholic beverages. This evidence is sufficient to show that Winn-Dixie knew or should have known that Schewzyk was going to drive a motor vehicle, as a reasonable person could find that someone who travels to and from a grocery store does so by driving a motor vehicle.[6] Plaintiff did not, however, present any evidence Schewzyk was "noticeably intoxicated" at the time he purchased the alcoholic beverages from Winn-Dixie. There is no evidence in the record that Schewzyk consumed alcoholic beverages prior to making a purchase at Winn-Dixie, and the record contains no evidence Schewzyk exhibited any signs of intoxication at the time of the sale. Rather, the only evidence in the record regarding whether Schewzyk was "noticeably intoxicated" at the time of the sale is the testimony of Williams and Currie that Schewzyk did not exhibit signs of intoxication at the time of the sale. Plaintiff argues in her brief to this Court that a jury could infer, based on evidence Schewzyk made two purchases of alcoholic beverages from Winn-Dixie within an approximately four-hour period on the day of the accident, that Schewzyk was "noticeably intoxicated" at the time of the second purchase. We disagree. The sole fact that Schewzyk entered the Winn-Dixie and purchased alcoholic beverages twice on the same afternoon does not give rise to an inference Schewzyk was "noticeably

---

5. Plaintiff also argues in her brief to this Court that because the sale of alcohol to Schewzyk was in violation of N.C. Gen. Stat. § 18B-302(a) (sale of alcohol to anyone below 21 years of age), the sale of alcohol was negligence *per se*. As the North Carolina Supreme Court has held a plaintiff may not maintain a negligence *per se* action based on a violation of section 18B-302, *Mullis*, 349 N.C. at 200, 505 S.E.2d at 134, Plaintiff's argument is overruled.

6. We note the concurring opinion would hold a reasonable person could not find based on the facts of this case that Winn-Dixie knew or should have known Schewzyk was going to drive a motor vehicle. We disagree. The concurring opinion would apparently impose a standard that required some additional evidence the party making the purchase was going to drive a motor vehicle after he left the grocery store. Under such a standard, a commercial vendor would not be on notice a purchaser was going to drive a motor vehicle unless the commercial vendor saw the purchaser drive into the commercial establishment in a motor vehicle. Thus, in our opinion, this standard imposes an unreasonable burden on a plaintiff. We emphasize the standard we impose does not create a *per se* rule of liability; rather, we hold the evidence is merely sufficient to create a question of fact for the jury and to, therefore, withstand a motion for summary judgment or directed verdict. The jury, upon hearing all of the evidence, is free to reject a finding that the commercial vendor knew or should have known the purchaser was going to drive a motor vehicle.

intoxicated" at the time of the second purchase.[7] *See Mullis*, 349 N.C. at 203-04, 505 S.E.2d at 136 (evidence person purchased alcoholic beverages from commercial vendor twice on the same evening was not substantial evidence person was "noticeably intoxicated" at time of second purchase). Accordingly, because the record does not contain substantial evidence Schewzyk was "noticeably intoxicated" at the time he purchased alcoholic beverages from Winn-Dixie, the trial court properly granted summary judgment in favor of Winn-Dixie.[8]

B

[2] Schewzyk argues the pleadings, affidavits, and depositions do not raise a genuine issue of material fact regarding whether Schewzyk breached a duty to Plaintiff when he furnished alcoholic beverages to Bhayani.[9] We agree.

In this case, the record contains evidence Bhayani drove his vehicle to the Winn-Dixie parking lot and Schewzyk furnished Bhayani

7. Plaintiff argues in her brief to this Court that Schewzyk's status as a "minor" is some evidence Winn-Dixie breached a duty to Plaintiff by furnishing alcoholic beverages to Schewzyk. Schewzyk's status as a "minor," however, has no relation to the issue of whether Schewzyk was "noticeably intoxicated" at the time of the sale. *See Mullis*, 349 N.C. at 204, 505 S.E.2d at 136 (plaintiff failed to establish breach of duty "based on a forecast of evidence showing only that defendants sold alcohol to an individual who was later found to be an underage person"). We note that the sale of alcoholic beverages to an "underage person" may give rise to a cause of action under section 18B-121 (North Carolina Dram Shop Act).

8. We note that assuming the evidence in the record did raise a genuine issue of material fact regarding whether Schewzyk was "noticeably intoxicated" at the time of the purchase, an issue would remain regarding whether Winn-Dixie's negligent sale of alcoholic beverages to Schewzyk, who subsequently furnished the alcoholic beverages to Bhayani, proximately caused Plaintiff's injuries. "Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injures, and without which the injuries would not have occurred[.]" *Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). Whether a plaintiff has provided substantial evidence a commercial vendor's negligent sale of alcoholic beverages proximately caused her injuries when those alcoholic beverages were furnished to a third-party subsequent to the sale and the third-party caused the motor vehicle accident that injured the plaintiff, may be a question of fact for the jury. *See Freeman v. Finney and Zwigard v. Mobil Oil Corp.*, 65 N.C. App. 526, 529, 309 S.E.2d 531, 534 (1983), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 702 (1984).

9. Plaintiff argues in her brief to this Court that Schewzyk's participation in a conspiracy to violate N.C. Gen. Stat. § 18B-302 (purchase of alcoholic beverages by underage person) was negligence *per se*. As the North Carolina Supreme Court has held a violation of section 18B-302 does not constitute negligence *per se*, *Mullis*, 349 N.C. at 200, 505 S.E.2d at 134, any violation or conspiracy by Schewzyk to violate section 18B-302 does not constitute negligence *per se*. Accordingly, Plaintiff's negligence *per se* claim is overruled.

**SMITH v. WINN-DIXIE CHARLOTTE, INC.**

[142 N.C. App. 255 (2001)]

with alcoholic beverages in the parking lot. Based on this evidence, a jury could find Schewzyk knew or should have known Bhayani was going to drive. The record does not contain any evidence, however, that Bhayani was "noticeably intoxicated" at the time Schewzyk furnished him with the alcoholic beverages. Rather, the only evidence in the record regarding whether Bhayani was "noticeably intoxicated" is testimony from Schewzyk that he knew "for sure" Bhayani had not consumed any alcoholic beverages prior to the time the parties met in the parking lot; Bhayani's testimony he had not consumed any alcoholic beverages prior to the time Schewzyk purchased the beer; and the testimony of Currie and Williams that Bhayani did not appear intoxicated at the time Schewzyk purchased the beer. Accordingly, the pleadings, depositions, and affidavits do not contain substantial evidence Schewzyk breached a duty to Plaintiff by furnishing alcoholic beverages to Bhayani.

C

**[3]** Plaintiff argues the pleadings, affidavits, and depositions raise a genuine issue of material fact regarding whether Williams and Currie breached a duty to Plaintiff by furnishing him with alcoholic beverages.[10] We disagree.

In this case, there is no evidence in the record Williams or Currie furnished Bhayani with alcoholic beverages at any time on the day of the accident. Plaintiff, therefore, cannot maintain a common law negligence claim against Williams or Currie based on the negligent furnishing of alcoholic beverages.

II

**[4]** Plaintiff argues Schewzyk, Williams and/or Currie "aided and abetted Bhayani in driving while impaired" under N.C. Gen. Stat. § 20-138.1. Plaintiff contends their actions, therefore, constitute negligence *per se.*

The elements of impaired driving under section 20-138.1 are:

---

10. Plaintiff also alleged in her complaint that participation by Williams and Currie in a conspiracy to violate N.C. Gen. Stat. § 18B-302 (purchase of alcohol by underage persons) was negligence *per se.* As the North Carolina Supreme Court has held a violation of section 18B-302 does not constitute negligence *per se, Mullis,* 349 N.C. at 200, 505 S.E.2d at 134, any conspiracy by Williams and Currie to violate section 18B-302 does not constitute negligence *per se.* Accordingly, Plaintiff's negligence *per se* claim is overruled.

SMITH v. WINN-DIXIE CHARLOTTE, INC.

[142 N.C. App. 255 (2001)]

1. Driving

2. A vehicle

3. On a highway, street, or public vehicular area:

(a) While under the influence of an impairing substance; or

(b) After consuming a sufficient quantity of alcohol that the person has an alcohol concentration of 0.08 or more at any relevant time after driving.

*State v. McAllister*, 138 N.C. App. 252, 256, 530 S.E.2d at 859, 862, *appeal dismissed*, 352 N.C. 681, —— S.E.2d —— (2000). A party who aids and abets another in committing a violation of section 20-138.1 is guilty as a principal. *See State v. Nall*, 239 N.C. 60, 65, 79 S.E.2d 354, 357-58 (1953). A party aids and abets another when he is "present, actually or constructively, with the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and . . . such intent was communicated to the actual perpetrators." *State v. Sanders*, 288 N.C. 285, 290-91, 218 S.E.2d 352, 357 (1975), *cert. denied*, 423 U.S. 1091, 47 L. Ed. 2d 102 (1976). "The mere presence of [a party] at the scene of the crime, even though he is in sympathy with the criminal act and does nothing to prevent its commission, does not make him guilty of the offense." *Id.* at 290, 218 S.E.2d at 357.

A violation of section 20-138.1 is negligence *per se. See Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34-35 (1964). It follows, therefore, that a party who aids and abets another in committing a violation of section 20-138.1 is a principal in the commission of the crime and, as such, is negligent *per se.*

In this case, the record shows Bhayani was convicted of driving while impaired under section 20-138.1. The record does not, however, contain any evidence Schewzyk, Williams and/or Currie had the intent to aid Bhayani in driving a vehicle while impaired, or that any such intent was communicated to Bhayani. While the record contains evidence Bhayani, Schewzyk, and Williams consumed alcoholic beverages together on the evening of the accident, and though Schewzyk, Williams, and Currie observed Bhayani consume as much as a six-pack of beer in a "short period of time" and did not stop Bhayani from driving while impaired, these activities do not render these parties guilty as principals of Bhayani's driving while impaired offense. The record, therefore, does not contain substantial evidence Schewzyk,

Williams, and/or Curry aided and abetted Bhayani in committing the offense of driving while impaired under section 20-138.1.

### III

**[5]** Plaintiff argues Williams and Currie breached a duty to Plaintiff when they "knew that Bhayani was intoxicated, and . . . failed to prevent Bhayani from getting into his car and attempting to drive." Assuming the record contains substantial evidence Williams and Currie knew or should have known Bhayani was intoxicated, this is not a duty the law of this State places on a person. We, therefore, reject Plaintiff's argument.

In summary, the trial court's 18 November 1999 order granting summary judgment in favor of Williams and Winn-Dixie is affirmed. Additionally, the trial court's 18 November 1999 order denying summary judgment in favor of Schewzyk and Currie is reversed and remanded to the trial court for entry of judgment in favor of Schewzyk and Currie.

Affirmed in part and reversed in part.

Judge HORTON concurred before 8 February 2001.

Judge TYSON concurs in the result with a separate opinion.

TYSON, Judge, concurring in the result.

I concur in the result of the majority. However, I disagree with the majority's statement that the evidence "is sufficient to show that Winn-Dixie knew or should have known that Schewzyk was going to drive a motor vehicle, as a reasonable person could find that someone who travels to and from a grocery store does so by driving a motor vehicle."

There is evidence that Schewzyk did not drive a motor vehicle from the Winn-Dixie after purchasing alcohol. Schewzyk testified in his deposition that he was a passenger in another driver's car at all relevant times. I cannot agree with a per se rule that Winn-Dixie should be on notice that all patrons drive to and from the store in motor vehicles. It is entirely reasonable for Winn-Dixie to assume that some patrons travel to and from the store by foot, by bike, by public transportation, or as in Schewzyk's case, as a passenger in an automobile. Also, we cannot presume that a patron pur-

chasing alcohol from a store would consume it while driving, after leaving the store. The vast majority of individuals do not drink and drive, waiting until they get home or to their final destination before consuming their purchase.

The majority's position requires that Winn-Dixie assume in all instances that patrons buying alcohol will disobey the law. However, "[i]n the absence of anything which gives or should give notice to the contrary, [one] has the right to assume and to act on the assumption that others will observe the rules of the road and obey the law." *Penland v. Greene*, 289 N.C. 281, 283, 221 S.E.2d 365, 368 (1976) (citing *Wrenn v. Waters*, 277 N.C. 337, 177 S.E.2d 284 (1970)). Accordingly, I concur only in the result.